**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michelle C. Yau
Mary J. Bortscheller

May 5, 2021

Hon. R. Brooke Jackson
United States District Court, District of Colorado
212 N. Wahsatch Avenue
Colorado Springs, CO 80903

<u>***Via ECF***</u>

Re:     *Harrison v. Envision Management Holding, Inc*., No. 1:21-cv-00304

Dear Judge Jackson:

Plaintiff Robert Harrison will oppose a defense Motion to Compel Arbitration because the arbitration provision at issue is invalid for the reasons outlined herein. Further, Plaintiff urges this Court to deny leave to file a meritless motion for attorneys' fees and costs, as detailed below.

This ERISA action arises out of Defendants' imprudent and disloyal conduct in creating the Envision employee stock ownership plan ("ESOP") to purchase 100% of the privately-owned stock in Envision Management Holding, Inc. ("Envision"). Specifically, three of the Defendants (the "Sellers") created the ESOP and orchestrated the sale of their 100,000 shares of Envision stock for $164 million to the ESOP, using Envision employees' retirement savings. This was not an arms-length transaction; the participants were not able to negotiate the $164 million price. Plaintiff alleges that the ESOP significantly overpaid for the Envision stock as a result. In particular, the ESOP paid two different prices for the same shares of Envision stock: $1,770 per share for two-thirds of the shares and $1,404 per share for the remaining third. Yet, a few weeks later, the ESOP reported to the Department of Labor that all 100,000 shares were valued at the same price of $349 per share – considerably less than the purchase price.

The $164 million purchase price also failed to account for the fact that the ESOP did not receive control over Envision. Instead, the Sellers structured the ESOP so that Defendant Argent Trust— hired by the Sellers as the ESOP Trustee to represent the ESOP participants—received only limited power over the ESOP and Envision. Instead, the Sellers retained control over Argent's decision-making and over the Envision Board of Directors.

Plaintiff brought this action to, *inter alia*, recover all the ESOP's losses caused by Defendants' imprudent and disloyal conduct, to disgorge all of Defendants' improper profits, to remove Defendants from their roles as fiduciaries of the ESOP, and to enjoin enforcement of illegal indemnification arrangements. 29 U.S.C. §§ 1109, 1132(a)(2), and 1132(a)(3).

### The Envision Arbitration Provision Is Invalid

The FAA's "presumption in favor of arbitration . . . disappears when the parties dispute the existence of a valid arbitration agreement." *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1220 (10th Cir. 2002) (citation omitted). Here, the Plan's arbitration provision (Dkt. 30-2 ("Plan Document") § 21) is *invalid* because (1) it contains an impermissible prospective waiver of statutory remedies which is non-severable under the provision's own terms; and (2) Mr. Harrison never consented to or formed an agreement to arbitrate with Defendants.

First, an arbitration provision which acts as a "prospective waiver of a party's *right to pursue* statutory remedies" is invalid. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 229 (2013) (citation omitted); *see also Nesbitt v. FCNH, Inc.*, 811 F.3d 371, 376-77 (10th Cir. 2016). Here, the plain language of the arbitration provision forbids Mr. Harrison from pursuing the plan-wide remedies he seeks and that ERISA explicitly authorizes. *See* 29 U.S.C. §§ 1132(a), § 1109. Specifically, the arbitration provision bars any claim brought in a "representative capacity" and any remedy "which has the purpose or effect of providing additional benefits or monetary or other relief to [anyone] other than the Claimant." Plan Document § 21.1(b). It further provides that these limitations are "material and non-severable term[s]." *Id.* Yet Mr. Harrison's ERISA claims under 29 U.S.C. § 1132(a)(2) can *only* be brought in a representative capacity. *LaRue v. DeWolff, Boberg and Assocs., Inc.*, 552 U.S. 248, 256 (2008); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985). And 29 U.S.C. § 1109 expressly authorizes fiduciary removal and other plan-wide relief. 29 U.S.C. § 1109; *see also Brundle v. Wilmington Tr., N.A.*, 919 F.3d 763, 782 (4th Cir. 2019). There is thus no question that the arbitration provision is invalid because it eliminates the very statutory remedies that ERISA authorizes Mr. Harrison to seek in this case. *See Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 184 (2d Cir. 2021). Moreover, because the arbitration provision states that it "shall be rendered null and void in all respects" if any part is found to be unenforceable or invalid (Plan Document § 21.1(b)), the entirety of Section 21 must fall, including the class action waiver.

Even if the Court does not find a prospective waiver, "the FAA imposes certain rules of fundamental importance, including the basic precept that arbitration 'is a matter of consent, not coercion.'" *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010) (citation omitted). A central principle of the FAA is that arbitration cannot be imposed unilaterally; both parties must consent to arbitrate the dispute. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019). Thus, before Mr. Harrison could agree to arbitrate, Mr. Harrison, and not the Plan, must give consent.[1] Consent can only be inferred where a party was "given notice of the . . . provision" and "retained the option of rejecting the contract with impunity." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). Defendants provide no evidence that Mr. Harrison ever received a copy of the Plan Document containing the arbitration provision. Mr. Harrison *did*

---

[1] That Mr. Harrison sues on behalf of the Plan, which Defendants contend in their Motion consented to the arbitration provisions, does not change the analysis. The arbitration provision does not apply to claims brought by the Plan (which does not have authority to sue under 29 U.S.C. § 1132(a)) or even by Plan fiduciaries; it only applies to claims brought by participants and beneficiaries. Plan Document § 21.1(a). Moreover, accepting Defendants' argument that the Plan's consent to arbitration is sufficient would mean that Defendants could impose arbitration on Mr. Harrison unilaterally. This violates the FAA.

receive a summary plan description ("SPD"), which said nothing about arbitration but instead misled him to believe that he had the right to bring suit in federal court for fiduciary mismanagement. Without notice, consent cannot be inferred. *Id.*

Moreover, arbitration provisions that give one party the unilateral right to modify or amend are invalid because they are illusory. *Dumais*, 299 F.3d at 1219 (holding that arbitration agreement in employment document that allowed employer the unilateral right to modify or amend the agreement was illusory and, therefore, invalid). While the Plan Document gives Envision the unfettered right to modify or amend the Plan, Plan Document § 18.1, there is no equivalent given to participants and beneficiaries. *Dumais* thus requires Defendants' motion to be denied.

### This Court Should Not Stay This Case Pending Arbitration

A stay pending arbitration would deprive Mr. Harrison of his right under Section 16 of the FAA to appeal the decision. If this Court concludes that arbitration is appropriate, Plaintiff would request dismissal pursuant to Fed. R. Civ. P. 12(b)(3) or (6) in order to take an immediate appeal.

### This Court Should Not Allow a Motion for Fees and Costs

Even if this Court allows a Motion to Compel Arbitration or determines the arbitration provision is valid, it should not allow a meritless motion for attorneys' fees and costs. First, Mr. Harrison reasonably filed his ERISA suit in federal court, given that the language of the SPD expressly advised he could do so. Further, the language of Plan Document § 21.1, which Defendants rely on, renders the entire arbitration provision void under the effective vindication exception to the FAA. *See Pollard v. ETS PC, Inc.*, 186 F.Supp.3d 1166, 1176 (D. Colo. 2016) ("By far, the most common examples of arbitral provisions that thwart effective vindication of federal statutory rights . . . are those that impose prohibitive costs on the plaintiff (such as paying or splitting the arbitrator's fee), or that would hold the plaintiff liable for the defendant's attorneys' fees and costs if the plaintiff is unsuccessful."). Any presumption in favor of arbitration of statutory claims "falls apart . . . if the terms of an arbitration agreement actually prevent an individual from effectively vindicating his or her statutory rights." *Id.* (quoting *Shankle v. B–G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999)).

Respectfully submitted,

/s/ *Mary J. Bortscheller*

Michelle C. Yau
Mary J. Bortscheller
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com

*Attorneys for Plaintiff*

3