IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00304-RBJ

ROBERT HARRISON, on behalf of himself, the ENVISION MANAGEMENT HOLDING, INC. ESOP, and all other similarly situated individuals,

    Plaintiff,

v.

ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS, *et al.*,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO COMPEL ARBITRATION AND TO STAY**

**ARGUMENT**

**I.    The Class Action Waiver Is Not Void as a "Prospective Waiver" of Statutory Rights.**

Plaintiff argues, incorrectly, that the Plan's arbitration provisions are unenforceable because the Class Action Waiver is "a prospective waiver of statutory rights." *See* Mem. in Opp'n to Defs.' Mot. to Compel Arbitration and/or Dismiss (Dkt. No. 35) ("Opp'n") at 15. He misunderstands what would constitute a "prospective waiver." He cites a Supreme Court case when asserting that "an arbitration provision is invalid if it acts as a 'prospective waiver of a party's *right to pursue* statutory remedies'" and forbids "'assertion of certain statutory rights.'" Opp'n 4-5 (quoting *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 235-36 (2013)). But *American Express Co.* does not describe a prospective waiver of statutory rights—the Court found the agreement at issue was not a prospective waiver. *See id.*, 570 U.S. at 235-36.

In cases where courts *did* invalidate arbitration provisions as prospective waivers, the provisions were distinguishable entirely from the Class Action Waiver here. For instance, in

*Gingras v. Think Finance, LLC*, 922 F.3d 112 (2d Cir. 2019), the Second Circuit invalidated arbitration provisions that "require[d] the application of tribal law *only*," which "appears *wholly* to foreclose [plaintiffs] from vindicating rights granted by federal and state law." *Id.* at 127 (emphasis added); *see also Williams v. Medley Opportunity Fund II, LP*, 965 F.3d 229, 238 (3d Cir. 2020) ("[A]rbitration agreements that . . . forbid federal claims . . . are unenforceable."). In other words, arbitration provisions are invalid as "prospective waivers" of statutory rights if they prohibit *any federal claim whatsoever*.[1] The Class Action Waiver does nothing of the sort.

Plaintiff contends that the Class Action Waiver prohibits two forms of remedies allegedly available under 29 U.S.C. § 1132(a)(2)—recovery of damages on behalf of the *entire* Plan, and non-individual remedies like removal of fiduciaries. *See* Opp'n 4-9. Both arguments fail.

First, Plaintiff argues that § 1132(a)(2) provides a right to seek damages on behalf of the "entire plan," citing the *concurrence* in *LaRue v. DeWolff, Boberg and Assocs.*, 552 U.S. 248 (2008), as well as *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). Opp'n 3, 6-7. *Russell*, concerning a plan paying a *defined benefit*, is irrelevant—especially after *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020). There, the Supreme Court concluded that defined benefit plan participants "possess no . . . interest in the plan[,]" just in their benefits. *Id.* at 1620. Thus, case law for defined benefit plans *refutes* Plaintiff's asserted right to seek damages for the entire plan.

Unlike *Russell*, in *LaRue*, the Supreme Court analyzed a defined contribution plan like the Plan here. The plaintiff alleged a fiduciary breach under § 1132(a)(2) that affected *his* 401(k) account *only*. 552 U.S. at 250-51. The Court held that, for defined contribution plans, § 1132(a)(2) "authorize[s] recovery for fiduciary breaches that impair the value of plan assets in a participant's

---

[1] Plaintiff cites three Tenth Circuit cases, *see* Opp'n 5, but they are inapposite. At issue was whether plaintiffs could "effectively vindicate" statutory rights under cost-splitting provisions. No issue exists here, where arbitration fees "shall be advanced by [Envision]." *See* Ex. A, § 21.1(h).

individual account." *Id.* at 256.  So too here: Plaintiff (like each participant) may vindicate alleged damages to his account in arbitration (just not on a class basis).  *See* Ex. A, § 21.1(b).  In other words, under § 1132(a)(2), Plaintiff may realize the *same* recovery for any alleged damage he personally suffered in arbitration as he could in federal court.

Second, Plaintiff contends that the Class Action Waiver is unenforceable because it would "strip" him of the right to seek Plan-wide remedies under § 1132(a)(2), such as removal of fiduciaries.  *See* Opp'n 6-8.  Even if his interpretation of the Class Action Waiver were accurate, it would not effect a "prospective waiver" because, as discussed above, it would not cut off *all* federal claims.

Moreover, the Supreme Court has found that even arbitration provisions curtailing certain statutory remedies are permissible.  In *American Express Co.*, the Court noted that in prior cases it "had no qualms in enforcing a class waiver . . . even though . . . [another federal statute] expressly permitted collective actions."  *Id.*, 570 U.S. at 237.  In *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), the Supreme Court held that federal law did not preclude an individualized arbitration agreement, stating that "[i]n many cases over many years, this Court has heard and rejected efforts to conjure conflicts between the [FAA] and other federal statutes."  *Id.* at 1627, 1632.  The Court continued, "*even a statute's express provision for collective legal actions* does not necessarily mean that it precludes []individual . . . arbitration."  *Id.* at 1627 (emphasis added).  Plaintiff makes just such a mistake here—arguing that § 1132(a)(2) confers an unwaivable statutory right to Plan-wide remedies even though, per *Epic Systems*, the FAA requires that the Class Action Waiver be enforced according to its terms.  *Id.* at 1621.  There is no "clearly expressed congressional intention" in ERISA that would override arbitration, nor any reason why ERISA should be unique among federal statutes and exempt from clear guidance in *Epic Systems*.  *Id.* at 1624.

In sum, consistent with Supreme Court precedent, courts as in *Gingras* and *Williams* held that an arbitration provision is a "prospective waiver" of statutory rights if it *eviscerates* a party's ability to pursue *any* federal claims. Per *Epic Systems*, a provision is not void for merely *curtailing* certain claims. Here, the Class Action Waiver does not eviscerate Plaintiff's rights under § 1132(a)(2)—he is undisputedly free to pursue recovery of any proven damage to his Plan account.[2] To satisfy the FAA's preference for arbitration, Section 21.1 should be enforced.[3]

## II. The Plan Document Contains an Enforceable and Binding Arbitration Provision.

Plaintiff's next argument—that *specific* Plan provisions do not bind him because he did not receive notice of and affirmatively agree to them, *see* Opp'n 11-14—fails. *See, e.g.*, *Conte v. Ascension Health*, No. 11-12074, 2011 WL 4506623, at *2 (E.D. Mich. Sep. 28, 2011) (forum-selection clause enforceable without notice).

Indeed, Plaintiff's suit requires enforcing *certain* Plan provisions (*i.e.*, regarding vesting and calculating benefits) despite lack of notice or affirmative agreement, while discarding others for the same reason.[4] But ERISA forecloses this approach. *See Schoemann v. Excellus Health*

---

[2] Even if the Class Action Waiver prevented Plan-wide remedies like removal of fiduciaries, it is distinguishable from cases like *Williams* and *Gingras*. There, arbitration agreements rendered federal claims entirely unavailable. Here, the Secretary of Labor and plan fiduciaries remain free to bring § 1132(a)(2) claims for Plan-wide remedies (on Plaintiff's request or their own initiative). *See Thole*, 140 S. Ct. at 1621 ("ERISA expressly authorizes the Department of Labor to enforce ERISA's fiduciary obligations.").

[3] Plaintiff argues, incorrectly, that individual arbitration would be "unworkable." *See* Opp'n 10. First, the prospect of individual awards with different terms, based on different valuations, is not "unworkable" to the employer. It is exactly what the employer anticipated for Section 21.1—not a reason to void the section altogether. Second, Plaintiff's concern about a confidentiality provision that only applies to Claimants and arbitrators, *see* Ex. A, § 21.1(i), is misplaced. Nothing prevents others (like the Plan's fiduciaries) from satisfying ERISA disclosure requirements.

[4] Plaintiff asserts that the 2018 SPD (Dkt. No. 35-2) "assured" participants they could file ERISA claims in federal court. *See* Opp'n 13. Even if so, the Court must enforce express arbitration provisions in the Plan Document. *See, e.g.*, *Jaremko v. ERISA Admin. Comm.*, 525 F. App'x 692, 695 (10th Cir. 2013) (after *CIGNA Corp. v. Amara*, SPDs should not be enforced over plan terms).

*Plan, Inc.*, 447 F.Supp.2d 1000, 1007 (D. Minn. 2006) (ERISA plan terms (like forum-selection clauses) bind participants, even without negotiation or affirmative consent).  "The plan . . . is at the center of ERISA," and "[e]mployers have large leeway to design . . . plans as they see fit." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013).  ERISA does not require employers to give notice to *all* employees, or to secure their consent to *every* plan provision—as Plaintiff argues.  To do so would create costs and risks that would dissuade employers from offering benefits in the first place (in contravention of ERISA's underlying purpose).  *See id.*

The Plan Document constitutes the contract by which Plaintiff is entitled to benefits.  By participating in the Plan, Plaintiff is bound to abide by its *all* of its terms, including Section 21.1.  *See Schoemann*, 447 F.Supp.2d at 1007; *Heimeshoff*, 571 U.S. at 108.[5]

| | |
|---|---|
| DATED: June 15, 2021 | Respectfully submitted, |
| /s/ Randall H. Miller | /s/ Lars C. Golumbic |
| BRYAN CAVE LEIGHTON PAISNER LLP | GROOM LAW GROUP, CHARTERED |
| Randall H. Miller | Lars C. Golumbic |
| 1700 Lincoln Street, Suite 4100 | William J. Delany |
| Denver, CO  80203 | Paul J. Rinefierd |
| Phone: (303) 866-0572 | 1701 Pennsylvania Avenue, NW |
| Email: randy.miller@bclplaw.com | Washington, D.C.  20006 |
| | Phone: (202) 857-0620 |
| Barbara A. Smith | Fax: (202) 659-4503 |
| 211 N. Broadway, Suite 3600 | Email: lgolumbic@groom.com |
| Saint Louis, MO  63102 | wdelany@groom.com |
| Phone: (314) 259-2367 | prinefierd@groom.com |
| Email: barbara.smith@bclplaw.com | |
| Counsel for Envision Defendants | Counsel for Defendant Argent Trust Company |

**CERTIFICATE OF SERVICE**

On June 15, 2021, a correct copy of the foregoing was sent to all counsel via CM/ECF.

/s/ Randall H. Miller
Randall H. Miller

---

[5] Plaintiff has no right to appeal if the Court grants the Motion.  *See* 9 U.S.C. § 16(b).