**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

ROBERT HARRISON, on behalf of himself,
the ENVISION MANAGEMENT
HOLDING, INC. ESOP, and all other
similarly situated individuals,

        Plaintiff,

v.

        Civil Action No. 1:21-cv-304-RMR

ENVISION MANAGEMENT HOLDING,
INC. BOARD OF DIRECTORS, et al.,

        Defendants.

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Robert Harrison respectfully submits this Notice of Supplemental Authority pursuant to Local Rule 7.1(f). Subsequent to Plaintiff's submission of his Memorandum in Opposition to Defendants' Motion to Compel Arbitration and/or Dismiss ("Opposition Brief") (ECF No. 35), the United States Court of Appeals for the Seventh Circuit issued a decision in *Smith v. Board of Directors of Triad Manufacturing, Inc.*, No. 20-2708 (7th Cir. Sept. 10, 2021), which reached a narrow holding that is directly on point here. The *Smith* decision is attached hereto as Exhibit A.

Specifically, the Seventh Circuit held that an arbitration clause which precludes plan-wide remedies like fiduciary removal or appointment of an independent fiduciary impermissibly eliminates statutory remedies under ERISA. Ex. A at 2, 14-16. The arbitration provision in *Smith* is materially identical to the provision at issue here. *Compare* Ex. A at 4-5 (quoting arbitration provision) *with* ECF No. 34 at 3 and ECF No. 34-1 § 21.1(b) (regarding limitation of claims to

1

individualized relief, and non-severability). Thus, the Seventh Circuit's holding in *Smith* directly supports Plaintiff's argument at pages 7-8 of the Opposition Brief, that the arbitration provision in this case is unenforceable because it "makes it impossible . . . to remove the Plan fiduciary[.]" Moreover, because the arbitration provision in this case contains a non-severability clause that is identical to the non-severability clause in *Smith*, *compare* Ex. A at 4-5 (quoting arbitration provision) *with* ECF No. 34 at 3 and ECF No. 34-1 § 21.1(b) (non-severability), the narrow holding in *Smith* is sufficient to dispose of Defendants' motion to compel arbitration here.

Plaintiff respectfully asks the Court to consider this supplemental authority in addressing the Opposition Brief.

September 14, 2021

Respectfully submitted,

*/s/ Mary J. Bortscheller*
Michelle C. Yau
Mary J. Bortscheller
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
Fifth Floor
Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com

*Attorneys for Plaintiff*