IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ROBERT HARRISON, on behalf of himself,
the ENVISION MANAGEMENT
HOLDING, INC. ESOP, and all other
similarly situated individuals,

        Plaintiff,

v.

        Civil Action No. 1:21-cv-304-RMR

ENVISION MANAGEMENT HOLDING,
INC. BOARD OF DIRECTORS, et al.,

        Defendants.

**PLAINTIFF'S REPLY REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY**

On September 14, Plaintiff Robert Harrison submitted a Notice of Supplemental Authority (ECF 38) pursuant to Local Rule 7.1(f) regarding the Seventh Circuit Court of Appeals' decision in *Smith v. Board of Directors of Triad Manufacturing, Inc., et al.*, No. 20-2708, 2021 WL 4129456 (7th Cir. September 10, 2021), which upheld the denial of defendants' motion to compel arbitration. Defendants in this case then filed a response to that notice. ECF 39. Plaintiff respectfully submits this reply to address the incorrect assertions in Defendants' response.

Specifically, Defendants assert that *Smith* conflicts with the Supreme Court's decision in *Epic Systems Corp. v. Lewis*. 138 S. Ct. 1612 (2018). ECF 39 at 1-2. This is incorrect, as *Smith* is in accord with, and distinguishable from, *Epic Systems*. In *Epic Systems*, the Supreme Court held only that Congress did not intend to override the FAA when it granted workers the right to engage in "other concerted activities" in the National Labor Relations Act. 138 S. Ct. at 1624-26. (reasoning that "other concerted activities" did not refer to something as far afield from

1

unionization as a class action because it appears at the end of a specific list of union-related activities). Thus, the Court held, there was no conflict between the FAA and the NLRA that would preclude application of the FAA. *Id*.

In contrast, the *Smith* court stated plainly that "the conflict in need of harmonization is not between the FAA and ERISA; it is between ERISA and the plan's arbitration provision, which precludes certain remedies that § 1132(a)(2) and 1109(a) [of ERISA] expressly permit." 2021 WL 4129456, at *7 (examining Supreme Court precedent, including *Epic Systems*). Defendants themselves acknowledge this holding. Def's Resp. at 2-3. Nonetheless, Defendants wrongly assert that "*Epic Systems* itself dealt with a similar alleged prospective waiver." Def's Resp. at 3. Not so. *Epic Systems* had nothing to do with the prospective waiver of specific statutory remedies like fiduciary removal, sought here and in the *Smith* case. 138 S. Ct. at 1619-32 (majority opinion makes no mention of prospective waiver). Rather, the question presented in *Epic Systems* was simply whether Congress intended to override the FAA in the NLRA, and the Court found only that the NLRA does not grant a statutory right to sue collectively. *Id*. at 1624-27.

In both *Smith* and this case, there is no dispute that the class waivers prospectively waived the remedy of fiduciary removal that ERISA expressly authorizes. Defendants' attempt to explain away the dispositive logic of *Smith* is unavailing.[1]

---

[1] If the Court believes that additional briefing on this issue would be helpful to its consideration of the pending motion to compel arbitration, Plaintiff would welcome the opportunity to elaborate on the arguments articulated here.

September 29, 2021	Respectfully submitted,

/s/ Mary J. Bortscheller
Michelle C. Yau
Mary J. Bortscheller
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
Fifth Floor
Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com

*Attorneys for Plaintiff*

3