IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-304-RMR
Robert Harrison, on behalf of himself,
the ENVISION MANAGEMENT
HOLDING, INC. ESOP, and all others
similarly situated,

v.

ENVISION MANAGEMENT HOLDING,
INC. BOARD OF DIRECTORS, et al.,

---

## SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The conference was held on January 20, 2022. As an initial matter, the parties

disagreed about whether discovery should commence or a scheduling order should be

entered before the Court issues a ruling on the pending Motion to Compel Arbitration

(ECF 30). As a result, the parties did not discuss all of the topics contemplated by the

Court's proposed scheduling order template.

**Appearing for Plaintiff:**

Mary J. Bortscheller
Ryan A. Wheeler
Cohen Milstein Sellers & Toll
1100 New York Ave. NW, Fifth Floor

Washington, DC 20005
(202) 408-4600

**Appearing for Defendants Envision Board of Directors, Envision ESOP Plan Committee, Darrel Creps III, Paul Sherwood, Jeff Jones, Aaron Ramsay, and Tanweer Khan ("Envision Defendants"):**

Barbara A. Smith
Bryan Cave Leighton Paisner LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 250-2367

**Appearing for Defendant Argent Trust Company:**

William Delany
Paul Rinefierd
Groom Law Group
1701 Pennsylvania Ave., NW
Suite 1200
Washington, DC 20006

## 2.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(a), 29 U.S.C. § 1132(a).

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:

Plaintiff alleges that Argent Trust Company breached its fiduciary duty by failing to perform the due diligence required to ensure that the ESOP and its participants paid a fair market value for Envision stock. Plaintiff also alleges that Argent, acting as Trustee of and fiduciary to the ESOP, caused the ESOP to engage in a prohibited transaction by approving the purchase of 100,000 shares from the Selling Shareholder Defendants

Plaintiff alleges that the ESOP Committee breached its fiduciary duty to conduct due diligence and investigate the fair market value of Envision stock before directing approval of the Transaction and because they failed to correct their conflicts of interest.

Plaintiff alleges that the Board of Directors Defendants failed to adequately monitor Argent as ESOP Trustee, in violation of their fiduciary duty. Plaintiff also alleges that the Board Defendants are liable for knowingly participating in Argent's fiduciary violations.

Plaintiff alleges that the Selling Shareholder Defendants engaged in a prohibited transaction by selling 100,000 shares of the Company to the ESOP.

Plaintiff alleges that all Defendants entered into an illegal agreement to exculpate fiduciary liability by adopting terms of the ESOP Plan Document that purported to indemnify the ESOP Committee Defendants, Argent, and all of its affiliates. The Selling Shareholder Defendants are also liable for attempting to indemnify Argent via contract.

3

b.  Defendants:

Defendants note that they filed a Motion to Compel Arbitration which, if granted, would require Plaintiff to adjudicate his claims in individualized arbitration.  That motion is still pending, Accordingly, Defendants submit it is premature to require a statement of their defenses.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

The parties did not discuss undisputed facts given the threshold dispute about whether discovery should commence before the Court issues an opinion on the pending Motion to Compel Arbitration.

## 5.  COMPUTATION OF DAMAGES

Because the records necessary to calculate certain damages remain in the possession of the Defendants, until discovery is complete, Plaintiff cannot provide a damage figure. Plaintiff seeks monetary relief in an amount to be proven at trial and non-economic relief as explained below.

**Economic Relief.** Plaintiff seeks an order that each fiduciary found to have breached their fiduciary duty to the ESOP, or found to have engaged in prohibited transactions with the ESOP, to jointly and severally pay such amount or surcharge to

the ESOP as is necessary to make the ESOP whole for all plan losses which resulted from the fiduciary breaches or by virtue of liability under 29 U.S.C. § 1105.

**Other Economic Relief.** Plaintiff requests other economic relief as set forth in the Complaint, including disgorgement of all ill-gotten gains obtained by the Defendants from violations of ERISA, an award of attorneys' fees and expenses, taxable costs, and pre-judgment interest.

**Non-Economic Relief.** Plaintiff also requests certain non-economic relief in his Complaint, including:

1. A declaration that Argent and the Board Defendants have each breached their fiduciary duties under ERISA;

2. Enjoining Argent and the Board Defendants from further violations of their fiduciary responsibilities, obligations. and duties;

3. Removing Argent as the Trustee of the ESOP or bar it from serving as a fiduciary of the ESOP in the future;

4. Appointing a new independent fiduciary to manage the ESOP and order the costs of such independent fiduciary be paid for by Defendants;

5. Ordering that Defendants provide other appropriate equitable relief to the ESOP, including but not limited to providing an accounting for profits, ordering surcharge against Defendants to restore losses to the ESOP, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by any of the Defendants;

6. Enjoining the Defendants from dissipating any of the proceeds they received from the

2017 Sale held in their actual or constructive possession until the ESOP participants'
rights can be adjudicated; and

7.  Enjoining the Defendants from transferring or disposing of any of the proceeds they
received from the 2017 Sale to any person or entity, which would prejudice, frustrate, or
impair the ESOP participants' ability to recover the same.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting: January 20, 2022

b.      Names of each participant and party he/she represented.

Mary Bortscheller and Ryan Wheeler for Plaintiff Robert Harrison

Barbara Smith for Envision Defendants

Paul Rinefierd and Will Delany for Defendant Argent Trust Company

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff will make his Rule 26(a)(1) disclosures by February 3, 2022, as
contemplated by the Rules.

Defendants note that they filed a Motion to Compel Arbitration which, if
granted, would require Plaintiff to adjudicate his claims in individualized
arbitration.  That motion is still pending, Accordingly, Defendants submit it is

premature to require Rule 26(a)(1) mandatory disclosures or to schedule a

deadline for those disclosures.


d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

Plaintiff does not propose any changes.

e.      Statement concerning any agreements to conduct informal discovery:

The Parties did not discuss this subject.


f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Plaintiff proposes a unified exhibit numbering system.


g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

        The parties anticipate that the vast majority of document discovery will

consist of documents maintained in electronic form. Plaintiff's counsel has

instructed Plaintiff to preserve any documents pertaining to his employment at

Envision and participation in the Envision ESOP, whether in physical form or

electronic form.

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties did not discuss the prospect of settlement in light of their

threshold dispute over whether discovery should commence before the Court

rules on the pending Motion to Compel Arbitration (ECF 30).

## 7.  CONSENT

All parties      ☐  [have]      ☒   [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Plaintiff proposes that he be entitled to 15 total depositions, while

reserving the right to seek additional depositions if necessary, because of the

multiple defendants and third-party service providers involved in the Transaction.

Defendants note that they filed a Motion to Compel Arbitration which, if

granted, would require Plaintiff to adjudicate his claims in individualized

arbitration.  That motion is still pending, Accordingly, Defendants submit it is

premature to consider any modifications to the presumptive number of

depositions or interrogatories.

b.      Limitations which any party proposes on the length of depositions.

Plaintiff proposes none.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Plaintiff proposes no modification from Rule 33(a)(1) limitation on interrogatories nor any

modification to Rules 34 and 36.

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

e.      Other Planning or Discovery Orders

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

45 days after the date of the Court's initial scheduling conference.

b.      Discovery Cut-off:

Plaintiff's Proposal:

Close of fact discovery: December 1, 2022

Close of expert discovery: June 15, 2023

<u>Defendants</u>:  Defendants note that they filed a Motion to Compel Arbitration which, if granted, would require Plaintiff to adjudicate his claims in individualized arbitration.  That motion is still pending, Accordingly, Defendants submit it is premature to propose a discovery schedule.

c.    Dispositive Motion Deadline:

<u>Plaintiff's Proposal:</u>

Dispositive motions: June 28, 2023

Opposition to dispositive motions: July 28, 2023

Reply to dispositive motions: August 18, 2023

Defendants note that they filed a Motion to Compel Arbitration which, if granted, would require Plaintiff to adjudicate his claims in individualized arbitration.  That motion is still pending, Accordingly, Defendants submit it is premature to propose a schedule for dispositive motions.

d.    Expert Witness Disclosure

1.   The parties shall identify anticipated fields of expert testimony, if any.

At this preliminary stage, Plaintiff anticipates needing an ESOP valuation expert and a fiduciary expert, and may require additional experts based on fact discovery.

2. Limitations which the parties propose on the use or number of expert witnesses. Plaintiff proposes none.

3. Plaintiff proposes that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>March 21, 2023</u>. Defendants note that they filed a Motion to Compel Arbitration which, if granted, would require Plaintiff to adjudicate his claims in individualized arbitration. That motion is still pending, Accordingly, Defendants submit it is premature to propose a schedule for designation and disclosure of expert witnesses.

4. Plaintiff proposed that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>May 5, 2023.</u> Defendants note that they filed a Motion to Compel Arbitration which, if granted, would require Plaintiff to adjudicate his claims in individualized arbitration. That motion is still pending, Accordingly, Defendants submit it is premature to propose a schedule for designation and disclosure of expert witnesses.

e. Identification of Persons to Be Deposed:

Plaintiff reserves the right to identify additional or different witnesses, following receipt of Defendants' respective Rule 26(a) disclosures and fact discovery. At

this stage, Plaintiff expects potential fact witnesses may include:

- Darrel Creps, III

- Paul Sherwood

- Jeff Jones

- Aaron Ramsay

- Tanweer Khan

- Other members of the Board or ESOP Committee not yet known to Plaintiff

- Individuals from Argent Trust Company involved in due diligence and approval of the transaction

- Individuals from service providers involved in the transaction

For each of these witnesses, Plaintiff anticipates that he would need approximately 7 hours for the deposition.

Defendants note that they filed a Motion to Compel Arbitration which, if granted, would require Plaintiff to adjudicate his claims in individualized arbitration.  That motion is still pending, Accordingly, Defendants submit it is premature to identify persons to be deposed.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times:

    _____.

b.  A final pretrial conference will be held in this case on _____at o'clock _____m.  A Final
    Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7)
    days before the final pretrial conference.


## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort,
    were unable to reach an agreement.


b.  Anticipated length of trial and whether trial is to the court or jury.
c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or
    economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado
    Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood
    Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La
    Plata County Courthouse
    1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

    Plaintiff believes no proceedings fit this criteria.


## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

        The parties filing motions for extension of time or continuances must comply with
D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving
attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

DATED at Denver, Colorado, this _____day of _____, 20___.

BY THE COURT:


_____

United States Magistrate Judge
APPROVED:


_____     _____
(Name)                                (Name) (Address)    (Address)
(Telephone Number)                    (Telephone Number)

Attorney for Plaintiff (or Plaintiff, Pro Se)     Attorney for Defendant (or Defendant, Pro Se)
*[Please affix counsels' and any pro se party's signatures before submission of the final scheduling order to the court.]*