**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 21-cv-0304-RMR-NYW

ROBERT HARRISON, on behalf of himself, the ENVISION MANAGEMENT HOLDING INC. ESOP, and all other similarly situated individuals,

      Plaintiff,

v.

ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS, *et al*.,

      Defendants.

---

### ORDER

---

This matter comes before the Court on the Defendants' Envision Management Holding, Inc. Board of Directors, et al. ("Defendants") Motion to Compel Arbitration And To Stay Pursuant To Sections 3 And 4 Of The Federal Arbitration Act Or, In The Alternative, To Dismiss For Lack Of Jurisdiction. (ECF 34). The Plaintiff, Robert Harrison, ("Plaintiff" or "Mr. Harrison") filed a response (ECF 35), and Defendants filed a reply (ECF 36). The Plaintiff filed a Notice of Supplemental Authorities (ECF 38); the Defendants filed a response (ECF 39); and the Plaintiff filed a reply (ECF 41). The Plaintiff filed a second Notice of Supplemental Authorities (ECF 43). The Defendants filed a response (ECF 45). The Defendants filed a notice of supplemental authority (ECF 52), and the Plaintiff filed a response (ECF 53). This matter is fully briefed and is ripe for review. For the reasons that follow, the Defendants' motion is **DENIED.**

## I.    BACKGROUND

This case involves an employee stock ownership plan ("ESOP" or the "Plan"), that allows participating employees to acquire beneficial interest in company stock of their employer. The Plan is regulated by ERISA. The Plaintiff, a former employee of Envision Management Holding ("Envision") and a Plan Participant, filed this purported class action complaint for ERISA violations, alleging breach of fiduciary duties related to the sale of Envision to the ESOP.

The Plaintiff specifically alleges that Defendants Creps, Sherwood, and Jones ("Seller Defendants") created the ESOP for the purpose of purchasing 100% of the Seller Defendants' private Envision stock. The Plaintiff alleges that the Seller Defendants installed Defendant Argent Trust Company ("Argent") as Trustee of the ESOP, but that Seller Defendants retained control over Argent. The Plaintiff alleges that he and other employee participants in the ESOP--whose retirement accounts were used the purchase the Envision stock from the Sellers--were not given the chance to negotiate or otherwise take part in the determination of the price that ESOP paid for the Envision stock. The Plaintiff alleges that ESOP paid an inflated price for the stock. The Plaintiff also alleges that the ESOP did not have sufficient funds to pay the purchase price for the stock, and it therefore borrowed over $100 million from the Seller Defendants, which the Plaintiff alleges was not in the best interest of the ESOP participants. The Plaintiff argues that the Defendants' actions related to the sale caused him and all other ESOP participants to suffer significant losses to their ESOP retirement savings.

The Plaintiff brings six causes of action against the various defendants and seeks plan-wide relief, including a declaration that the Defendants have breached their fiduciary duties under ERISA, removal of Defendant Argent as the trustee of the ESOP, appointment of a new independent fiduciary to manage the ESOP, an order that Defendant Argent restore losses resulting from the alleged breach, an order that Defendants provide equitable relief to ESOP, and an order enjoining the Defendants from dissipating, transferring, or disposing of any proceeds received from the allegedly improper transaction.

The Defendants have filed this motion to compel arbitration, arguing that the Plan requires Plan participants like Mr. Harrison to bring claims only in individualized, binding arbitration, not in federal court.

## II.   LEGAL STANDARD

Arbitration agreements are governed by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 1 *et seq*. Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

"The existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked." *Avedone Eng'g, Inc. v. Seatex*, 126 F.3d

1279, 1287 (10th Cir. 1997). When considering a motion to compel arbitration, the Court employs a two-step process: first, the Court must determine whether there was an agreement that provides the moving party with a right to compel arbitration. Second, the Court considers whether the allegations in the complaint are within the scope of the arbitration agreement. *Cavlovic v. J.C. Penney Corp., Inc.*, 884 F.3d 1051, 1057 (10th Cir. 2018). If the Court determines that a suit is subject to an arbitration agreement, it shall "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. In its analysis of this case, the Court focuses on the first step, and it finds that the Defendants are not entitled to compel arbitration.

## III.   ANALYSIS

Mr. Harrison argues that the Defendants' motion to compel arbitration should be denied. First, Mr. Harrison argues that the arbitration provision in the Plan is invalid because it prospectively eliminates his statutory remedies under ERISA. Second, and in the alternative, Mr. Harrison argues that the arbitration provision is not enforceable because he was not given notice of it.  For the reasons that follow, the Court finds that the arbitration provision in the Plan is invalid because it conflicts with ERISA. The Court therefore need not consider whether Mr. Harrison was properly on notice of the arbitration provision.

### A. The Arbitration Provision Is Invalid Because It Acts As A Prospective Waiver Of Harrison's Right To Pursue Statutory Remedies

The Supreme Court has instructed that an arbitration provision will be determined invalid if it acts as a "prospective waiver of a party's *right to pursue* statutory remedies."

4

*Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985)). This "would certainly cover a provision in an arbitration agreement forbidding the assertion of certain statutory rights." *Id.* An arbitral forum is adequate (and an agreement to arbitrate should be upheld) "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum." *Id.*

The Court here must thus determine whether Mr. Harrison "effectively may vindicate [his] statutory cause of action in the arbitral forum." If he cannot, the arbitration provision acts a prospective waiver of Harrison's right to pursue remedies under ERISA and is invalid. For the reasons that follow, the Court finds that the arbitration provision acts as a prospective waiver because it disallows plan-wide relief, which is expressly contemplated by ERISA.

### 1. Relevant Plan Language

Section 21 of  the Employee Stock Ownership Plan sets forth the "ERISA Arbitration and Class Action Waiver." Section 21.1 states that "all Covered Claims must be resolved exclusively pursuant to the provisions of this section (the 'Arbitration Procedure.')". Section 21.1(b) provides that:

> All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis. Each arbitration shall be limited solely to only Claimant's Covered Claims, and that Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary or other relief to any Eligible Employee, Participant, or Beneficiary other than the Claimant. For instance, with respect to any claim brought under ERISA § 502(a)(2) to seek appropriate relief under ERISA § 409, the Claimant's remedy, if any, shall be limited to (i) the alleged losses to the Claimant's individual Account resulting from the alleged breach of fiduciary duty,

5

> (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely to Claimant's individual Account, and/or (iii) such other remedial or equitable relief as the arbitrator(s) deems proper so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any Eligible Employee, Participant or Beneficiary other than the Claimant. The requirement that (x) all Covered Claims be brought solely in a Claimant's individual capacity and not in a purported group, class, collective, or representative capacity, and (y) that no Claimant shall be entitled to receive, and shall not be awarded, any relief other than individual relief, shall govern irrespective of an AAA rule or decision to the contrary and is a material and non-severable term of this Section 21. The arbitrator(s) shall consequently have no jurisdiction or authority to compel or permit a class, collective, or representative action in arbitration, to consolidate different arbitration proceedings, or to join any other party to any arbitration. Any dispute or issue as to the applicability or validity of this Section 21(b) (the 'Class Action Waiver') shall be determined by a court of competent jurisdiction. Moreover, nothing in this Arbitration Procedure shall preclude seeking interim or provisional relief or remedies in aid of arbitration from a court of competent jurisdiction. In the event a court of competent jurisdiction were to find these requirements to be unenforceable or invalid, then the entire Arbitration Procedure (i.e., all of this Section 14) shall be rendered null and void in all respects.

ECF 34-1, p. 50.

Mr. Harrison argues that this provision conflicts with his rights as set forth in 29 U.S.C § 1132(a)(2). Section 1132(a)(2) provides for civil enforcement of ERISA requirements "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." Section 1109, in turn, provides that

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109.

6

Mr. Harrison argues that "§ 502(a)(2) [29 U.S.C § 1132(a)(2)] is a unique provision of ERISA that allows plan participants to sue plan fiduciaries and recover *all* losses suffered by *all* plan participants, not only individual losses." ECF 35, p. 6. Mr. Harrison further argues that "section 1109 expressly authorizes removal of a breaching fiduciary and any 'such other equitable or remedial relief as the court may deem appropriate.'" *Id.* (quoting 29 U.S.C. § 1109(a)). Harrison argues that "the arbitration provision here cannot be enforced because it would strip Mr. Harrison of substantive rights conferred by ERISA: namely, the right to proceed under § 1132(a)(2) and seek multiple remedies on behalf of the Plan as a whole. Specifically, the arbitration provision prohibits Mr. Harrison from proceeding under § 1132(a)(2) and seeking relief on behalf of the Plan by stating that claims 'must be brought solely in the Claimant's individual capacity and not in a representative capacity.'" ECF 35, p. 6.

The Defendants argue that the arbitration provision is not invalid because it is not a "prospective waiver" of Harrison's statutory rights. The Defendants argue that arbitration provisions are invalid as prospective waivers of statutory rights "if they prohibit *any federal claim whatsoever.*" ECF 36, p. 2. A provision is not void, the Defendants argue, "for merely *curtailing* certain claims." *Id.* at 4.

The Defendants direct the Court to *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1627 (2018). In *Epic Systems*, the Supreme Court considered whether an employment contract providing for individualized arbitration proceedings to resolve employment disputes was invalid as a violation of the National Labor Relations Act. The employees in that case specifically asked the Court "to infer that class and collective actions are 'concerted

7

activities' protected by § 7 of the NLRA, which guarantees employees 'the right to self-organization, to form, join, or assist labor organizations, to bargain collectively ..., and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.'" *Id.* at 1617.

The Court ultimately found that the provision did not violate the NLRA, and that the arbitration provision was not invalid.  The Court observed that section 7 "focuses on the right to organize unions and bargain collectively. It does not mention class or collective action procedures." *Id.* The Court explained "we have made clear that even a statute's express provision for collective legal actions does not necessarily mean that it precludes 'individual attempts at conciliation' through arbitration. And we've stressed that the absence of any specific statutory discussion of arbitration or class actions is an important and telling clue that Congress has not displaced the Arbitration Act." *Id.* (internal citations omitted).

While *Epic Systems* is instructive, it does not answer the precise question before this Court: whether an arbitration provision such as the one in Mr. Harrison's Plan violates ERISA, which explicitly contemplates plan-wide relief. While the Tenth Circuit has found that ERISA claims are generally arbitrable, it has not specifically addressed the question pending before this Court. The Seventh Circuit, however, recently considered this exact question in *Smith v. Bd. of Directors of Triad Mfg., Inc.*, 13 F.4th 613, 615 (7th Cir. 2021). In *Smith*, the plaintiff filed a class action complaint under 29 U.S.C. § 1132(a)(2) and (a)(3). Like Mr. Harrison, the plaintiff in *Smith* requested removal of the trustee that he alleged breached fiduciary duties; he asked that a new fiduciary be appointed to manage

8

the plan; and he asked the court to award other equitable and just relief. *Id.* at 617. The defendant in *Smith* filed a motion to compel arbitration. The arbitration provision in Smith's plan provided that  "All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis."; and "Each arbitration shall be limited solely to one Claimant's Covered Claims, and that Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary or other relief to any Eligible Employee, Participant or Beneficiary other than the Claimant." *Id.* at 616.

The Seventh Circuit upheld the district court's denial of the defendant's motion to compel arbitration, finding that the arbitration provision at issue acted as a "prospective waiver of [the plaintiff's] right to pursue statutory remedies." *Id*. (citing *Mitsubishi Motors*, 473 U.S. at 637 n.19). The court observed that "the plain text of § 1109(a) and the terms of the arbitration provision cannot be reconciled: what the statute permits, the plan precludes." *Id.* The court found that the arbitration provision thus made it impossible for the plaintiff to effectively vindicate his statutory causes of action in the arbitral forum. The language at issue in *Smith*, and the plaintiff's claim therein, is substantively identical to the language and claims at issue here.

The court in *Smith* acknowledged, as does this Court, that the applicability of the "effective vindication" exception is rare. The Supreme Court declined to apply the exception in both *Italian Colors* and *Epic Systems*. The Supreme Court, however, "did not entirely shut the door to the 'effective vindication' exception, explaining that 'it would

certainly cover a provision in an arbitration agreement forbidding the assertion of certain statutory rights.'" *Smith*, 13 F.4th at 621 (citing *Italian Colors*, 570 U.S. at 236).

The Seventh Circuit determined that the exception applied. Explaining:

> Recall that Smith invokes § 1132(a)(2)'s cause of action to seek relief for (alleged) fiduciary breaches under § 1109(a). That relief, by statute, includes "such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109(a). Yet the plan's arbitration provision, which also contains a class action waiver, precludes a participant from seeking or receiving relief that "has the purpose or effect of providing additional benefits or monetary or other relief to any Eligible Employee, Participant or Beneficiary other than the Claimant." Removal of a fiduciary—a remedy expressly contemplated by § 1109(a)—would go beyond just Smith and extend to the entire plan, falling exactly within the ambit of relief forbidden under the plan.

> All this is to say that the plain text of § 1109(a) and the terms of the arbitration provision cannot be reconciled: what the statute permits, the plan precludes. In that way, the plan's arbitration provision acts as a "prospective waiver of a party's right to pursue statutory remedies," *Mitsubishi Motors*, 473 U.S. at 637 n.19, 105 S.Ct. 3346, so the "effective vindication" exception applies. *See Hayes v. Delbert Servs. Corp.*, 811 F.3d 666, 675 (4th Cir. 2016) (applying "effective vindication" exception when an "arbitration agreement use[d] its 'choice of law' provision to waive all of a potential claimant's federal rights.").

*Smith*, 13 F.4th at 621–22.

As did the Plaintiff in *Smith*,  Mr. Harrison here asks the Court to remove Defendant Argent as a trustee and to appoint a new independent fiduciary to manage the ESOP. The arbitration provision in the Plan, however, prohibits Mr. Harrison from "seek[ing] or receiv[ing] any remedy which has the purpose or effect of providing additional benefits or monetary or other relief to any Eligible Employee, Participant, or Beneficiary other than the Claimant." As the Seventh Circuit explained, "[r]emoval of a fiduciary—a remedy expressly contemplated by § 1109(a)—would go beyond just [Mr. Harrison] and extend to the entire plan, falling exactly within the ambit of relief forbidden under the plan." *Id.*

Thus, under the Seventh Circuit's reasoning, the arbitration provision at issue here would be invalid.

The Defendants urge the court not to adopt the Seventh Circuit's reasoning. The Defendants argue that "*Smith* is wrong, misapplies the Supreme Court's prior cases, and conflicts with other circuit-level authority." ECF 39, p. 1. The Defendants specifically argue that *Smith* fails to address *Epic Systems* and contradicts the Supreme Court instruction that courts must make every effort to harmonize federal statutes and read them together.

The Defendants are correct that *Epic Systems* instructs that, while an irreconcilable conflict may require the court to invalidate an arbitration provision, the court must "strive to give intent to both.'" *Epic Systems*, 138 S. Ct. at 1623. Considering the NLRA, the Court in *Epic Systems* observed that "[t]his Court has never read a right to class actions in the NLRA." *Id.* at 1619. Thus "far from conflicting, the Arbitration Act and the NLRA have long enjoyed separate spheres of influence and neither permits this Court to declare the parties' agreements unlawful." *Id.* Thus, because the NLRA was susceptible to an interpretation that it did not protect the right to proceed collectively in an arbitration, and because that interpretation would remove any conflict with the FAA, the Court was obligated to adopt that interpretation. *Id; see also Cedeno v. Argent Tr. Co*., No. 20-CV-9987 (JGK), 2021 WL 5087898, at *5 (S.D.N.Y. Nov. 2, 2021).

Unlike the NLRA, however, "there is in fact a clear statutory right for a participant to seek Plan-wide relief under [ERISA] §§ 409(a) and 502(a)(2), and there is no conflict with the FAA because there is no provision of the FAA that prevents a participant from seeking such remedies." *Id.* The harmony sought by the Court in *Epic Systems* is simply

11

not possible where, as here, section 1132(a)(2) expressly provides for relief that the arbitration provision forbids.

*Smith*—and courts applying *Smith*—have specifically looked to the remedies available under ERISA, not just the right to proceed collectively. The *Smith* court clarified that "the problem with the plan's arbitration provision is its prohibition on certain plan-wide remedies, not plan-wide representation." *Smith*, 13 F.4th at 622; *see also Cedeno v. Argent Tr. Co.*, 2021 WL 5087898, at *6 ("The FAA does not protect the remedies sought in arbitration… The defect in the parties' arbitration agreement in this case is not that it does not provide for a collective or class action – an issue of the manner of arbitration protected by the FAA – but that it precludes a statutory remedy provided for by ERISA.").

So too, does this Court find that the Plan's arbitration provision prohibits remedies that are explicitly provided for by ERISA. ERISA specifically provides a right to pursue plan-wide remedies. The arbitration provision disallows a litigant from seeking plan-wide remedies. Therefore, under the terms of the arbitration provision, Mr. Harrison is unable to effectively vindicate his statutory cause of action in the arbitral forum.

The Defendants' contention that *Smith* conflicts with other circuit authority is also unpersuasive. The Defendants direct the Court to *Gingras v. Think Fin., Inc.*, 922 F.3d 112 (2d Cir. 2019) and *Williams v. Medley Opportunity Fund II, LP*, 965 F.3d 229 (3d Cir. 2020). The Defendants argue that, in those cases, "[t]he two other courts of appeals that have invalidated arbitration provisions as prospective waivers did so in the context of waivers that were drastically different from the class action waiver here." ECF 39, p. 3. In *Gingras*, the Defendants argue, "the Second Circuit invalidated an arbitration provision

12

on the basis that it "require[d] application of tribal law *only*' which "*wholly* foreclose[d] [plaintiffs] from vindicating rights granted by federal and state law.'" ECF 39, pp. 3-4 (citing *Gingras*, 922 F.3d at 127). Likewise, in *Williams*, "the Third Circuit held that 'arbitration agreements that … forbid federal claims… are unenforceable." *Williams*, 965 F.3d at 238. But nothing in *Gingras* or *Williams* suggests that an arbitration agreement is invalid only if it forecloses *all* causes of action. On the contrary, both the *Gingras* and *Williams* courts applied the same effective vindication exception that we apply here. *See Gingras*, 922 F.3d at 127 ("The Supreme Court has made clear that arbitration agreements that waive a party's right to pursue federal statutory remedies are prohibited"); *see also Williams*, 965 F. 3d at 238 ("arbitration is only appropriate so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum").[1]

--------

[1] So, too, is this case distinguishable from *Holmes v. Baptist Health S. Fla., Inc.*, No. 21-22986-CIV, 2022 WL 180638, at *3 (S.D. Fla. Jan. 20, 2022), to which the Defendants direct the Court in their Notice of Supplemental Authority, ECF 52. The Court in *Holmes* acknowledged that the arbitration provision it considered was narrower than the clause at issue in *Smith*. The court in *Holmes* explained that under the arbitration clause in *Smith* "certain relief, such as the removal of a fiduciary, was completely barred, as no claimant in an arbitration would have been able to obtain such remedy under the arbitration clause." *Id.* In contrast, the arbitration provision in *Holmes* "only prohibits relief that provides 'additional benefits or monetary relief to any person' other than the claimant. Therefore, the specific relief that the Plaintiffs argue has been barred—the ability to seek removal and appointment of the Plan's fiduciaries—is not barred by the arbitration clause. While that sought-after relief has a Plan-wide effect, it does not provide additional benefits or monetary relief as prohibited. Thus, while the arbitration clause in *Smith* completely denied some types of statute-authorized relief to the Plan, the clause here does not…" The Court acknowledges Defendants' argument that this particular statement by the Court was premised on a factual mistake. It is not the province of this Court, however, to

The arbitration provision is therefore invalid, and the Defendant's motion to compel arbitration is denied.[2]

## IV.    CONCLUSION

For the reasons stated herein, the Defendants' Motion to Compel Arbitration, ECF 34, is **DENIED.**

DATED:  March 24, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

_____

question the findings of fact made by courts in other districts. Regardless, the Court still finds that the Seventh Circuit's reasoning in *Smith* is correct.
[2] Because the Court finds that the arbitration provision is invalid, it need not address Mr. Harrison's argument that he did not receive notice of the arbitration provision.