IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ROBERT HARRISON, on behalf of himself, the ENVISION MANAGEMENT HOLDING, INC. ESOP, and all other similarly situated individuals,<br><br>  Plaintiff,<br><br>v.<br><br>ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS, ENVISION MANAGEMENT HOLDING, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, ARGENT TRUST COMPANY, DARREL CREPS, III, PAUL SHERWOOD, JEFF JONES, AARON RAMSAY, TANWEER KHAN, and JOHN and JANE DOES 1 to 15,<br><br>  Defendants. | Civil Action No. 1:21-cv-00304-CNS-MDB |

**STATUS REPORT**

Pursuant to the Order in this matter dated April 14, 2022 ("Stay Order"), ECF No. 60, Plaintiff Harrison hereby submits the following Status Report.[1]

**I.    Disposition of Appeal by Tenth Circuit**

On February 9, 2023, the Tenth Circuit issued a panel decision affirming this Court's order denying Defendants' motion to compel arbitration. *See* ECF No. 66. Judgment was filed on the same date. *See* ECF No. 67.

---

[1] Plaintiff prepared a draft joint status report and sought Defendants' input on February 19 and February 21, 2023. Defendants advised Plaintiff of their position that a joint status report is not yet due and accordingly declined to join in this status report.

On February 17, 2023, Defendants indicated to the Tenth Circuit that they intend to file a petition for panel rehearing or rehearing en banc (hereinafter "Petition"), and requested an extension until March 27, 2023 to file their Petition. That extension was granted.

## II.     Plaintiff's Position Regarding Current Stay

Pursuant to the Stay Order, (1) this action was stayed pending resolution of Defendants' appeal, and (2) within ten days of the resolution of Defendants' appeal to the Tenth Circuit, the parties were directed to file a joint status report informing the Court of the resolution and requesting a status conference to discuss further scheduling in the case.[2] The parties disagree regarding whether the stay should continue while Defendants' forthcoming Petition is pending.

Plaintiff does not believe a continued stay is appropriate in light of the Tenth Circuit's comprehensive and well-reasoned decision affirming this Court's order denying Defendants' motion to compel arbitration. Because a continued stay would only serve to further delay the proceedings, Plaintiff avers that the Court should act consistently with the Southern District of New York's recent treatment of a similar matter following the appeal of an order denying a motion to compel arbitration under similar circumstances.

In *Lloyd v. Argent Trust Co.*, No. 1:22-cv-04129, 2022 WL 17542071 (S.D.N.Y. Dec. 6, 2022), *appeal filed*, 2022 WL 17542071 (2d. Cir Dec. 9, 2022), the district court denied a motion to compel arbitration in a matter that (1) also involved an employee stock ownership plan ("ESOP"); (2) also involved Argent Trust Company ("Argent") as a defendant, (3) also involved Argent's counsel from Groom Law Group, and (4) also involved materially identical language limiting statutory remedies. Following the district court's decision, defendant Argent moved to

---

[2] The 10-day deadline fell on Sunday, February 19, and Monday, February 20 was a federal holiday. Accordingly, Plaintiff is filing this status report today.

stay the proceedings pending an appeal to the Second Circuit. *See Lloyd*, ECF No. 65. However, the district court indicated during the parties' pretrial conference that it was not inclined to stay the matter, and issued a Pretrial Scheduling Order on December 14, 2022 that set deadlines for defendants' Answer, initial disclosures, and amendment of the pleadings, and called for a status report by March 31, 2023 (following the Second Circuit's scheduled February 2, 2023 hearing of yet another appeal by Argent from a district court order denying a motion to compel arbitration in *Cedeno v. Argent Tr. Co.*, 2021 WL 5087898 (S.D.N.Y. Nov. 2, 2021), *appeal filed*, *Dejesus Cedeno v. Argent Tr. Co.*, 2021 WL 5087898 (2d Cir. Nov. 22, 2021)). *See Lloyd*, ECF No. 68. Thereafter, the parties in *Lloyd* negotiated a reasonable compromise: Defendants would turn over certain basic discovery while the appeal was pending (e.g., the transaction binder for the ESOP transaction, Argent's opinion approving the transaction and underlying file and work product, any related valuation analysis prepared in connection with the ESOP transaction, insurance documents, identification of certain relevant persons, etc.), but would not be subject to more burdensome discovery involving depositions and emails and other ESI. *See Lloyd*, ECF No. 69. The district court subsequently approved the parties' stipulation on January 4, 2023, *id.*, ECF No. 70, and discovery has proceeded accordingly in that case without any problems.

Plaintiff believes it makes sense to proceed in the same manner here. Indeed, the grounds for a stay are even *weaker* here than in *Lloyd*, given that (1) Defendants have already lost their appeal; (2) the Tenth Circuit's decision was unanimous; (3) en banc review is an "extraordinary procedure" that is "disfavored," *see* 10th Circuit Rule 35.1; (4) the Tenth Circuit's decision is consistent with the Seventh Circuit decision in *Smith v. Bd. of Dirs. of Triad Mfg., Inc.*, 13 F.4th 613, 620-23 (7th Cir. 2021), which is the only other circuit court to address the specific language

at issue here in the context of an ESOP;[3] (5) the Tenth Circuit's decision is consistent with the position of the Department of Labor, which filed an amicus brief in support of Plaintiff-Appellee in the appeal; and (6) the Tenth Circuit's decision is also consistent with the overwhelming weight of district court authority (including this Court's underlying decision). *See, e.g., Lloyd*; *Cedeno*; *Burnett v. Prudent Fiduciary Servs. LLC*, 2023 WL 387586 (D. Del. Jan. 25, 2023); *Henry v. Wilmington Tr., N.A.*, 2021 WL 4133622 (D. Del. Sept. 10, 2021); *Hensiek v. Bd. of Dirs. of Casino Queen Holding Co., Inc.*, 514 F. Supp. 3d 1045 (S.D. Ill. 2021), *appeal dismissed sub nom.*, *Hensiek v. Bidwell*, 2021 WL 6775328 (7th Cir. Oct. 15, 2021) (all denying motions to compel arbitration in similar ESOP cases).

Accordingly, Plaintiff has proposed that Argent and the other Defendants produce similar discovery to that in *Lloyd* while Defendants' Petition is pending, including:

- The Transaction Binder for the ESOP transaction
- The opinion from Argent Trust Company approving the Transaction, and Argent's underlying file and work product
- Any related valuation analysis prepared in connection with the ESOP Transaction
- Any offers from other prospective purchasers
- ESOP committee meeting minutes and materials
- Board minutes and materials to the extent they relate to the ESOP
- Annual valuation estimates or notices for the ESOP
- Amendments to Plan Documents and summary plan descriptions, trust documents, and similar documents (during 2020 or after)
- Identification of the parties to the ESOP Transaction, any persons or entities who were involved in approving or analyzing the Transaction or terms thereof (including the sale price), the members of the Envision Board from 2017 to present, the members of the ESOP Committee (or any other fiduciary body for the ESOP) since its inception, the ESOP Trustee, and the Plan Administrator

---

[3] *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510 (9th Cir. 2019) (unpublished) addressed a different arbitration clause from the one at issue here, which the Seventh Circuit itself found distinguishable in *Smith*.

Likewise, Plaintiff has requested that Defendants make their initial disclosures (which they first requested in 2022 prior to the Tenth Circuit appeal) and agree to allow Plaintiff to amend his Complaint. However, Defendants have refused this compromise proposal (which falls short of full discovery and litigation), have refused to produce any discovery at all, and have refused even to make initial disclosures.

This is unreasonable and prejudicial to Plaintiff. Defendants have already delayed the proceedings by more than ten months since this Court issued its stay order on April 14, 2022, *see* ECF No. 60, and an extension of the stay will only serve to further delay the proceedings because Defendants have no reasonable hope of prevailing given the uniformity of the case law dealing with this specific type of remedies-limiting arbitration provision.[4]

This would be prejudicial under any circumstances, but is especially prejudicial here where the ESOP transaction in question took place in December 2017 and ERISA specifies a six-year statute of limitations in cases such as this (which Defendants characterize as a statute of repose). *See* 29 U.S.C. § 1113(1).[5] Accordingly, Plaintiff respectfully requests that the Court lift the stay, allow the limited discovery specified above, and allow him to amend his complaint as of right based on any discovery that is produced (since Defendants still have not filed an Answer).

---

[4] The arbitration provision here specifically cites ERISA's remedies provisions under 29 U.S.C. §§ 1109 and 1132(a)(2), and purports to limit them. *See Harrison v. Envision Mgmt. Holding Inc. Bd. Of Dirs.*, --- F. 4th ---, 2023 WL 1830446, at *12 (10th Cir. Feb. 9, 2023).

[5] Depending on the information produced by Defendants, Plaintiff may wish to add additional defendants. It would make sense to do so before the limitations period has expired and before Defendants file their Answer.

DATED: February 21, 2023                    Respectfully submitted,


                                                         /s/     *Kai H. Richter*
                                                         Kai H. Richter
Mary Bortscheller
COHEN MILSTEN SELLERS & TOLL PLLC
100 S. Fifth Street, Suite 1900 - #2085
Minneapolis, MN 55402
Tel: (612) 807-1575
Fax: (202) 408-4699
krichter@cohenmilstein.com
mbortscheller@cohenmilstein.com

Michelle Yau
Ryan Wheeler
COHEN MILSTEN SELLERS & TOLL PLLC
1100 New York Avenue N.W., Suite 500
Washington, D.C. 20001
Tel: (202) 408-4600
Fax: (202) 408-4699
myau@cohenmilstein.com
rwheeler@cohenmilstein.com

*Counsel for Plaintiff Robert Harrison*

6