IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:21-cv-304-CNS-MDB**

ROBERT HARRISON and GRACE HEATH, on behalf of themselves, the ENVISION MANAGEMENT HOLDING, INC. ESOP, and all other similarly situated individuals,

   Plaintiffs,

v.

ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS, ENVISION MANAGEMENT HOLDING, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, ARGENT TRUST COMPANY, DARREL CREPS, III, PAUL SHERWOOD, JEFF JONES, NICOLE JONES, AARON RAMSAY, TANWEER KHAN, and LORI SPAHN,

   Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF REGARDING COMMON INTEREST AGREEMENT WITH THE UNITED STATES DEPARTMENT OF LABOR**

Defendants submit the following response, as permitted by the Court's July 22, 2024 Minute Order (D.E. 219), to Plaintiffs' Brief Regarding Common Interest Agreement with the United States Department of Labor (D.E. 221) ("Plaintiffs' Brief" or "Pls.' Br."). As discussed below, arguments in Plaintiffs' Brief do not alter the fact that Magistrate Judge Braswell decided correctly to compel Plaintiffs to produce summaries of interviews from DOL's audit of Argent (the "DOL Summaries"), which the U.S. Department of Labor ("DOL") had shared with Plaintiffs under the guise of a common interest agreement.

## ARGUMENT

### A. Plaintiffs Did Not Join the Government's Statement of Interest Because the Government Contradicts Positions Plaintiffs Have Taken in This Litigation

In its July 22, 2024 Minute Order, the Court provided that "on or before July 29, 2024, Plaintiffs shall file a motion on the broader issue of the common interest agreement, which the Court will refer [to Judge Braswell]," and "[a]lternatively, should the government file a brief on the issue consistent with its Notice Regarding United States' Notice of Potential Participation, ECF No. [218], Plaintiffs *may simply file a notice of joinder*." *See* D.E. 219 (emphasis added). Later, on July 22, the United States Government (the "Government") filed a Statement of Interest in Plaintiffs' Objections to Magistrate Judge Order (D.E. 220) (the "SOI"). Therein, the Government asserted a common interest agreement between DOL and Plaintiffs, and argued that the DOL Summaries are privileged under work product and qualified governmental privileges. The Government argued that, based on the common interest agreement, such privileges were not waived because DOL shared the Summaries with Plaintiffs' counsel. *See* SOI at 3-10.

Despite the Court's invitation that Plaintiffs simply join the Government's brief, Plaintiffs took the curious step of filing their own brief on the issue. The reason is apparent on the face of the Government's SOI—the Government's characterizations of DOL's audit of Argent, and

1

allegations that DOL made in a demand letter that it sent to Argent in the course of that audit, ***completely contradict*** representations that Plaintiffs have made in this litigation.

Specifically, before the Government filed its SOI, Plaintiffs had represented to the Court in class certification briefing that DOL reached an "ultimate conclusion that ***Argent violated ERISA***," D.E. 172 at 5-6 (emphasis in original), and elsewhere that "the full unredacted Demand Letter is ***highly relevant*** to their claims," D.E. 211 at 3-4 (emphasis added).  Plaintiffs have asserted at different times that the demand letter is relevant because it purportedly shows "a pattern and practice of Argent violating the law," *see* Mar. 19, 2024 Hr'g Tr. at 21:15-22, and as "evidence of notice and habit," *see* D.E. 211 at 3-4.  And Plaintiffs have represented to multiple deponents that DOL found Argent to have violated ERISA.

Juxtapose that with the Government's position on behalf of DOL.  In stark contrast to Plaintiffs, the Government is now seeking to avoid DOL having to produce its Summaries, by arguing ***exactly the opposite of Plaintiffs***—that "DOL ***has not*** made a conclusion" regarding whether Argent violated ERISA, and that "the preliminary mental impressions of DOL investigators are ***completely irrelevant*** to this case."  *See* SOI at 8 (emphasis added).

There is simply no way to square the representations that Plaintiffs and the Government have made in this case.  It is no wonder, then, that the Plaintiffs are now unable to join the Government in its arguments.  This obvious fissure casts serious doubt on Plaintiffs' argument that Plaintiffs and DOL are pursuing a "common legal strategy" in the first place, *see* Pls.' Br. at 2, which is required for their common interest agreement to be valid.

**B.     The Government's Belated Characterization of the DOL's Demand Letter Provides But the Latest Example of Unfairness Perpetrated on Defendants in This Litigation**

The fact that Defendants are only just now learning of the Government's contradictory view of DOL's audit of Argent and DOL's demand letter—months after discovery closed in this

2

case—is just the latest example of fundamental unfairness in the way that Plaintiffs and DOL have attempted to leverage their purported common interest. Before now, Plaintiffs conducted this litigation in an unfair fashion by, among other things: (1) hiding their common interest agreement with DOL from Defendants until Judge Braswell compelled them to produce it, *see* D.E. 216 at 2-6; (2) waiting until the eve of critical depositions before producing an unredacted version of DOL's demand letter that Plaintiffs had received from DOL; (3) litigating a purported dispute over redactions to the demand letter before Judge Braswell, at the same time that Plaintiffs already had the unredacted letter; and (4) failing to timely produce or log responsive documents that Plaintiffs received from DOL (including the DOL Summaries). It was to "'correct an imbalance in fairness that Plaintiffs caused'" by this conduct, among other reasons, that Judge Braswell ordered Plaintiffs to produce the DOL Summaries in the first place. *See* D.E. 207 at 5.

Now, Defendants have just learned (well after the close of discovery) that Plaintiffs and DOL hold contradictory views about the state of DOL's audit of Argent and the relevance of allegations in DOL's demand letter to Argent. If Plaintiffs and DOL actually had a common interest in this litigation, and they were coordinating in furtherance of such common interest, that would lead to one of two conclusions: either Plaintiffs knew that DOL viewed its audit as "open" and its "preliminary views" as "irrelevant," and argued and represented to the Court that DOL had reached an "ultimate conclusion" that Argent violated ERISA anyway, which would have been deceptive; or DOL believed its demand letter was "irrelevant" and stood idly by while Plaintiffs argued in this litigation that DOL's demand letter showed a "pattern and practice" or "habit" of Argent violating ERISA. Either way, the delayed disclosure of these contradictory views creates yet another "imbalance in fairness" that the Court should correct.

3

As Defendants argue in their response to the SOI being filed contemporaneously herewith, the most practical and fair course of action would be for the Court to exclude from this case all information from DOL's audit of Argent, including its prior demand letter and any findings DOL may render in the future, as well as any deposition testimony that Plaintiffs gathered on the issue. Alternatively, if allegations from DOL's audit remain an issue in this case, DOL's asserted privileges should give way to discovery of the facts underlying DOL's demand letter (including in the DOL Summaries) to, among other reasons, "'correct an imbalance in fairness that Plaintiffs caused'" when they failed to disclose the DOL Summaries, the common interest agreement, and other documents evidencing Plaintiffs' counsel's close relationship with DOL.[1]  D.E. 207 at 5.

C.  **The Common Interest Agreement Does Not Provide an Independent Basis for Withholding the DOL Summaries**

Even if the Court were to find that the written common interest agreement between Plaintiffs and DOL is valid, notwithstanding the contradictory positions that Plaintiffs and DOL (through the Government) have presented in this case, Plaintiffs admit in their Brief that "[t]he common interest doctrine is not a stand-alone privilege but, rather, is an exception to the waiver of privilege when privileged information is shared with third parties."  *See* Pls.' Br. at 1. Accordingly, the existence of a written common interest agreement between Plaintiffs and DOL does not provide an independent basis on which Plaintiffs, DOL, or the Government may resist Judge Braswell's Discovery Order requiring Plaintiffs to produce the DOL Summaries.  Given that the Summaries are not privileged in the first place, for reasons explained in Defendants' response to the SOI and in Defendants' response to Plaintiffs' Objections (D.E. 216), the Court should

---

[1] The Government currently represents that DOL's audit of Argent is "still open," *see* SOI at 2, but if DOL were to render final findings at some future date while this case is still pending, and Plaintiffs sought to introduce them in a similar manner as they have used DOL's demand letter, then Defendants would be back in the same place of seeking the DOL Summaries as well as additional discovery from DOL regarding the factual basis for its findings.  To avoid having to waste judicial resources if that development were to occur, the Court should decide now that anything related to DOL's audit of Argent (past, present, and future) is excluded from this litigation.

4

enforce Judge Braswell's Discovery Order regardless of whether DOL in fact shared the Summaries with Plaintiffs under the guise of a common interest agreement.

**D.      For Additional Reasons, the Court Should Reject Arguments in Plaintiffs' Brief**

Besides highlighting Plaintiffs' admission that the common interest agreement does not provide a standalone basis for Plaintiffs and DOL to withhold the DOL Summaries, there are several additional bases for the Court to reject Plaintiffs' position on its asserted common interest with DOL.

First, Defendants dispute that they have "waived any argument that the [common interest agreement] is invalid." *See* Pls.' Br. at 3-4. Regardless of whether Defendants previously challenged the validity of the common interest agreement, Judge Braswell provided expressly in her July 2, 2024 Minute Order that "if Defendants have a viable basis for challenging the common interest agreement, and they choose to challenge it, the Court will consider the arguments." *See* D.E. 207 at 5 n.2. In response to this comment by Judge Braswell, the Court directed Plaintiffs to "file a motion on the broader issue of the common interest agreement." *See* D.E. 219. Additionally, before the Government filed its SOI on July 22, 2024, Defendants had no way of knowing that Plaintiffs and DOL would express contradictory views of DOL's audit and demand letter, which undermine the very basis of their asserted common interest. There has been no waiver by Defendants.

Second, Defendants dispute that DOL acted properly when it shared materials from its audit of Argent with Plaintiffs under 29 U.S.C. § 1134(a), the statute that Plaintiffs claim allows DOL to "share materials from investigations with 'any person actually affected by any matter which is the subject of an investigation.'" *See* Pls.' Br. at 2. That is simply not the case, for a number of reasons discussed below.

5

Plaintiffs admit that DOL sent them "an unredacted version of the DOL Demand Letter pursuant to the common interest agreement," *see* D.E. 211 at 3, and that letter contained confidential information related to *six* Argent ESOP clients—not only the Envision ESOP. Plaintiffs have no possible argument that they were "actually affected" by DOL's audit of the five other Argent ESOP clients, and thus DOL's disclosure to Plaintiffs of those five clients' confidential information was wrong.

Moreover, the manner in which DOL is invoking 29 U.S.C. § 1134(a) violates the spirit of the statute, at a minimum. After all, Argent and the Envision Defendants are also "actually affected" by DOL's audit of Argent, including whether DOL has concluded (or will conclude) that Argent violated ERISA with respect to the Envision ESOP transaction, and yet DOL is only willing to provide information to Plaintiffs. And § 1134(a) should not be read to permit what DOL has done here, which is to in effect deputize a private plaintiffs' firm to litigate ERISA claims against entities that are involved in an audit that DOL describes as "currently open." *See* D.E. 220-2 at ¶ 3. Here, DOL decided to involve itself in ongoing litigation by plan participants and their class action contingent fee plaintiffs' firm against an institutional trustee that DOL is charged with regulating, and to do so by feeding information to the participants' attorneys, even though DOL apparently believes that information is "preliminary" and "completely irrelevant" to the litigation. *See* SOI at 8. DOL also shared this information in violation of pre-disclosure requirements under the Freedom of Information Act. *Cf.* 29 C.F.R. § 70.26; E.O. 12,600.

Third, Plaintiffs decided to waive DOL's asserted privileges by selectively producing some information it received from DOL to use as a sword against Defendants; and Plaintiffs and DOL in turn should not be allowed to use their purported common interest agreement as a shield against production of additional information that DOL shared (including the DOL Summaries), which

6

DOL would prefer to withhold from Defendants. Notably, Plaintiffs' counsel represented to Judge Braswell that counsel asked DOL for an unredacted version of its demand letter ***to use in depositions of Argent employees and others***, and DOL agreed to produce the letter for that purpose. *See* Mar. 19, 2024 Hr'g Tr. at 28:11-15 (arguing that "we then obtained the [unredacted DOL demand letter] from the Government because we were concerned that there was information behind the redactions that had been improperly redacted, and that we didn't want to be at risk of having to ask the witnesses to come back"); *id.* at 30:12-17 ("And we've used the unredacted version [of the DOL demand letter] in depositions. . . . Which is why we obtained it, because we did not want to have to call witnesses back while we had a dispute about the redactions."). In other words, DOL gave this unredacted demand letter (which the Government is now arguing was "preliminary" and "irrelevant") to Plaintiffs, knowing Plaintiffs intended to use the letter as a sword against Defendants and in depositions.

Now, DOL wants the common interest agreement to serve as a shield against Defendants learning alleged facts from the DOL Summaries that underlie allegations in the demand letter that DOL gave Plaintiffs to selectively disclose. As Judge Braswell noted, interests of fundamental fairness necessitate that the Court level the playing field. The Court can do so by requiring production of the DOL Summaries in light of Plaintiffs' waiver and selective production. In the alternative, if the Court accepts the Government's representation that the information DOL shared under the common interest agreement is "irrelevant," then the Court should exclude the DOL's demand letter and any statements from its audit of Argent from this case, in any form and for all purposes, and all evidence and testimony derived therefrom.

7

**CONCLUSION**

Plaintiffs and the Government cannot have things both ways. The Court should not permit Plaintiffs to rely on the purported "conclusions" from DOL's demand letter (which DOL now expressly disavows as "irrelevant") when it suits Plaintiffs, but allow the Government to hide behind a host of dubious privileges to block Defendants from challenging those conclusions. Likewise, the Court should not permit Plaintiffs' counsel to selectively waive privileges (*i.e.*, by producing the unredacted DOL demand letter) when it suits their interest, but then shield DOL from broader discovery into facts underlying DOL's purported "conclusions" (including facts contained in the DOL Summaries) when it does not suit Plaintiffs' or the Government's interests.

Acutely present here is a new "imbalance of fairness," just like previous imbalances that Judge Braswell attempted to remedy by compelling Plaintiffs to produce the DOL Summaries. The previous imbalances are now compounded in the context of a purported common interest asserted by two parties who have articulated contradictory positions to this Court—Plaintiffs, who want to leverage DOL's demand letter as containing relevant findings of fiduciary breach (either under a "pattern and practice," a "habit," or some other basis Plaintiffs may yet raise); and the Government, which disavows such conclusions and their relevance in order to attempt to block discovery into the basis for DOL's conclusions.

Defendants did not invite or interject into this lawsuit this torrent of conflicting positions and fundamentally unfair tactics. And Defendants should not bear the brunt of it either. As Judge Braswell found (***even before*** the current conflicting positions became apparent), the playing field needs to be leveled. She did that in her Discovery Order (*see* D.E. 202; D.E. 207), which this Court should enforce. For the reasons stated above, and in Defendants' response to the Government's SOI, the Court should exclude from this case all of DOL's allegations from its audit

8

of Argent, and all evidence and testimony derived therefrom. In the alternative, if allegations from DOL's audit remain an issue in this case, the Court should allow Defendants to discover the DOL Summaries (and other information underlying DOL's allegations), regardless of the common interest agreement between Plaintiffs and DOL.

Respectfully submitted this 5th day of August, 2024.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ W. Bard Brockman*
W. Bard Brockman
Katelyn W. Harrell
1201 West Peachtree Street NW
One Atlantic Center, 14th Floor
Atlanta, Georgia  30309
Telephone: (404) 572-6600
Email: bard.brockman@bclplaw.com
Email: Katelyn.harrell@bclplaw.com

Michael J. Hofmann
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
E-mail: Michael.Hofmann@bclplaw.com

*Attorneys for Defendants Envision Management Holding, Inc. Board of Directors; Envision Management Holding, Inc. Employee Stock Ownership Plan Committee; Darrel Creps III, Paul Sherwood, Jeff Jones, Nicole Jones, Aaron Ramsay, Tanweer Khan, and Lori Spahn*

**GROOM LAW GROUP, CHARTERED**

*/s/ William J. Delany*
William J. Delany
Lars C. Golumbic
Andrew D. Salek-Raham
Paul J. Rinefierd
1701 Pennsylvania Avenue, NW, Suite 1200
Washington, DC  20006
Telephone: (202) 857-0620
Email: wdelany@groom.com
Email: lgolumbic@groom.com
Email: asalek-raham@groom.com
Email: prinefierd@groom.com

*Attorneys for Defendant Argent Trust Company*

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Richard J. Pearl*
Richard J. Pearl
320 South Canal Street
Suite 3300
Chicago, Illinois  60606
Telephone: (312) 569-1907
Email: rick.pearl@faegredrinker.com

*Attorney for Defendants Darrel Creps III, Paul Sherwood, Jeff Jones, and Tanweer Khan*

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of August, 2024, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF REGARDING COMMON INTEREST AGREEMENT WITH THE UNITED STATES DEPARTMENT OF LABOR** was served on all counsel of record.

                                             */s/ William J. Delany*
                                             William J. Delany