IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 21-cv-00304-CNS-MDB

ROBERT HARRISON, on behalf of himself and all other similarly situated individuals on behalf of Envision Management Holding, Inc. ESOP, and
GRACE HEATH, on behalf of herself, the Envision Management Holding, Inc. ESOP, and all other similarly situated individuals,

 Plaintiffs,

v.

ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS,
ENVISION MANAGEMENT HOLDING, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE,
ARGENT TRUST COMPANY,
DARREL CREPS, III,
PAUL SHERWOOD,
JEFF JONES,
AARON RAMSAY,
TANWEER KAHN,
NICOLE JONES, and
LORI SPAHN,

 Defendants.

## ORDER

Plaintiffs object to United States Magistrate Judge Maritza Dominguez Braswell's order, ECF No. 232, finding that there is no common legal interest between the Plaintiffs and non-party Department of Labor (DOL). The Court has reviewed Plaintiffs' objections, ECF No. 234, and finds that Plaintiffs fail to demonstrate that Magistrate Judge

1

Dominguez Braswell's order was clearly erroneous or contrary to law.[1] The Court, therefore, overrules Plaintiffs' objections and affirms Magistrate Judge Dominguez Braswell's order.

## I. BACKGROUND

### A. General Background

This case concerns an employee stock ownership plan—"The Plan"—that allows participating employees to acquire an interest in company stock. *See* ECF No. 91 (Am. Comp.). The Plan is subject to the Employment Retirement Security Act of 1974 (ERISA), and all seven of Plaintiffs' claims are brought under ERISA. *See id.*, ¶¶ 115–78.

Plaintiff Robert Harrison, a former employee of Defendant Envision Management Holding, initiated this action on January 29, 2021, by filing a class action complaint. *See* ECF No. 1. Plaintiff Grace Heath, also a former employee of Envision, joined Plaintiff Harrison in the amended complaint. ECF No. 91. Plaintiffs assert causes of actions against various Defendants and seek plan-wide relief.

### B. Current Dispute

The DOL provided investigative materials to Plaintiffs under a common interest agreement (CIA). *See* ECF No. 221-2. The material included DOL Interview Reports. The current dispute concerns whether the common interest doctrine protects against the disclosure of these DOL Interview Reports or other DOL documents in this litigation. In her order, Magistrate Judge Dominguez Braswell thoroughly and accurately describes the dispute, the parties' positions, and the DOL's position. ECF No. 232 at 3–8.

---

[1] This Order will effectively address Plaintiff's separate objection to ECF No. 202.

In short, as part of a separate investigation, the DOL investigated several employee stock ownership plans (ESOPs), including Envision's ESOP. ECF No. 220-1. The DOL conducted interviews and prepared summaries of those interviews—the DOL Interview Reports. *Id.* Some of the DOL Interview Reports concern the individual Defendants in this action. *Id.* The DOL shared certain DOL Interview Reports with Plaintiffs, who now object to their disclosure, arguing that the CIA protects the documents from disclosure. *See* ECF No. 212 (Plaintiffs' Objection to Magistrate Judge Dominguez Braswell's separate order granting Defendants' motion to compel production of DOL Interview Reports).

The DOL filed a Statement of Interest (DOL SOI). *See* ECF No. 220. Relying on the CIA, the DOL asserts various privileges and protections over the information it shared with Plaintiffs, including work product protection, the deliberative process privilege, and the law enforcement privilege. *Id.* The DOL represents that its "investigation is still open, and DOL has not yet made a disposition decision." *Id.*

## II.    MAGISTRATE JUDGE ORDER

Given the numerous discovery disputes over documents that the DOL provided Plaintiffs, the Court ordered Plaintiffs to file a motion on whether the common interest doctrine applies to their information-sharing arraignment. ECF No. 219. The Court referred the issue to Magistrate Judge Dominguez Braswell for determination. *Id.*; ECF No. 222. In a thorough and well-reasoned decision, Magistrate Judge Dominguez Braswell determined that there is no common legal interest between the DOL and

Plaintiffs, and that the DOL cannot rely on the CIA to protect against waiver. ECF No. 232 at 10–17.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides a party the opportunity to object to a magistrate judge's order on a non-dispositive pretrial matter. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (district courts must "defer to the magistrate judge's ruling" on non-dispositive matters "unless it is clearly erroneous or contrary to law" (citations omitted)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority." *Witt v. Colorado*, No. 22-CV-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023) (quotation marks and citation omitted).

## IV. ANALYSIS

Plaintiffs object to Magistrate Judge Dominguez Braswell's order on four grounds, arguing that she

> (i) misconstrues a handful of sentences in the Department of Justice's ("DOJ") Statement of Interest as being antithetical to Plaintiffs' legal interest; (ii) misunderstands the interest shared by DOL and Plaintiffs as being financial instead of legal; (iii) recognizes that pending litigation is not required to establish a common interest yet rejects Plaintiffs' legal authority on this basis; and (iv) relies on two materially distinguishable decisions to reject the Common Interest Agreement ("CIA").

ECF No. 234 at 1 (summarizing their four objections). The Court will first address a glaring omission in Plaintiffs' objection: that the DOL did not object to Magistrate Judge Dominguez Braswell's order. The Court will then address each of Plaintiffs' objections in turn.

### A. The DOL Did Not to Object to Magistrate Judge Dominguez Braswell's Order

No party disputes Magistrate Judge Dominguez Braswell's conclusion that the work product at issue belongs to the DOL, a non-party. Defendants argue that, because the DOL did not object to Magistrate Judge Dominguez Braswell's order despite filing a SOI, the Court should summarily overrule Plaintiffs' objection. ECF No. 242 at 3.

Magistrate Judge Dominguez Braswell previously questioned whether Plaintiffs have standing to assert the DOL's privileges on its behalf. ECF No. 207 at 4 (analyzing disclosure requirements under Federal Rule of Civil Procedure 26(b)(3) and expressing "doubt about Plaintiffs' ability to persist on behalf of a non-party"); *see also* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2024 (3d ed. 2024) ("Documents prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit."); *Lee v. City of Midland*, No. 7:22-CV-0185-BL, 2024 WL 4005959, at *8 (W.D. Tex. Feb. 15, 2024) (rejecting argument that non-party may invoke work product protection because "Nodolf is not a party to the instant case, and while the documents claimed to be protected work product were prepared to prosecute Plaintiffs in a separate criminal action, they were not

prepared for any party in *this* case (Plaintiffs or Defendants) in anticipation of this litigation").

The Court agrees that the DOL's decision not to challenge Magistrate Judge Dominguez Braswell's order ends the issue. It is the DOL's work product at issue, and Plaintiffs have made no argument that they have standing to object on the DOL's behalf.[2] However, out of caution, the Court will address each of Plaintiffs' objections.

### B.  The DOL and Plaintiffs' Purported Common Legal Strategy

Plaintiffs argue that Magistrate Judge Dominguez Braswell incorrectly concluded that the DOL's and Plaintiffs' interests are not "common." ECF No. 234 at 5. They take issue with her reliance (in part) on the DOJ's statement that it has "no position on the merits of this case" as an admission that the DOL believes Plaintiffs' claims are meritless. *Id.* at 6. Plaintiffs cite one out-of-circuit case to support their argument that the DOL and Plaintiffs share a very broad common legal interest of "safeguard[ing] the Envision ESOP and ensur[ing[ that Argent and the other Defendants in this litigation comply with ERISA." ECF No. 234 at 7 (citing *Perez v. Mueller*, No. 13-CV-1302, 2016 WL 6882851, at *6 (E.D. Wis. Nov. 22, 2016), *report and recommendation adopted*, No. 13-CV-1302-PP, 2016 WL 7441661 (E.D. Wis. Dec. 27, 2016)). The Court is not persuaded.

---

[2] The Court acknowledges that Federal Rule of Civil Procedure 72(a) only permits parties to file objections. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."). The Court, however, would not have prevented the DOL from filing an objection had it sought leave to do so. Indeed, the DOL previously filed a notice of its "potential participation" the same day Plaintiffs filed its first objection to Magistrate Judge Dominguez Braswell's narrower order, ECF No. 202, requiring Plaintiffs to produce the DOL Interview Reports. *See* ECF No. 213 (notice). The DOL's silence now is somewhat telling.

Magistrate Judge Dominguez Braswell correctly summarized the DOL's role and position in this case. The "DOL is not a party to this case," ECF No. 213 at 2 (government's notice), the "DOL's investigation is still open," *id.*, the DOL is still "considering whether to participate in this litigation," *id.* at 3, the "DOL has not yet made a disposition decision," ECF No. 220 at 1, and the DOL expressly "takes no position on the merits of the case," *id.* at 1.[3] These positions allowed her to correctly determine that the DOL and Plaintiffs failed to make a showing that they are "working towards a common legal strategy." ECF No. 232 at 10. Her decision to reject the unsupported, conclusory argument that the DOL and Plaintiffs share a common interest is not clearly erroneous. *Id.* at 11 (analyzing CIA; DOL SOI; and declarations attached to DOL SOI, which state in conclusory terms that the entities share a common interest but failing to describe that interest).

Further, *Perez v. Mueller* is plainly distinguishable because the Secretary of Labor—the appointed official overseeing the DOL—was a named plaintiff in that action. Indeed, DOL Secretary Perez initiated the lawsuit. *Mueller*, 2016 WL 6882851, at *1 ("United States Secretary of Labor Thomas E. Perez filed the present action alleging that the defendants violated provisions of the Employee Retirement Income Security Act of 1974 (ERISA) with respect to actions they undertook regarding an employee stock ownership plan (ESOP) sponsored by Omni Resources, Inc."). It is thus not a leap to

---

[3] In its July 2, 2024 notice, the DOL states that the "United States anticipates that a determination whether the Department of Justice will participate in this matter and file a substantive brief (if it decides to do so) will made by July 16, 2024. . . . The United States anticipates that it will be prepared to advise the Court of its position no later than July 16, 2024." ECF No. 213 at 3; *see also* ECF No. 218 (supplemental notice moving date to July 23, 2024). Now, over five months later, besides filing its SOI, where it notified the Court that its investigation is "ongoing" and that it "takes no position on the merits of the case," the DOL has not advised the Court of its position—and it certainly did not object or respond to Magistrate Judge Dominguez Braswell's order finding that there is no common legal interest between the DOL and Plaintiffs.

assume that there, unlike here, the DOL had "made a disposition decision" and took a "position on the merits of the case." *See* ECF No. 220 at 1–2. The common interest relationship analyzed in *Mueller* is plainly distinguishable from the purported common interest relationship here between the DOL and Plaintiffs. *See* ECF No. 232 at 16–17 (finding that the DOL's stated positions make a "common legal strategy with Plaintiffs not only improbable, but impossible," and criticizing the DOL for attempting to have it both ways, stating that the DOL "cannot on the one hand, claim it has no view of the merits of this litigation, while on the other hand, align itself with one set of litigants to share information in confidence").

Plaintiffs have failed to show that Magistrate Judge Dominguez Braswell's finding that the DOL and Plaintiffs do not share a common legal strategy—under the facts presented in this case—is clearly erroneous or is contrary to law. Plaintiffs' first objection is overruled.

### C. The DOL and Plaintiffs' Purported Shared Legal Interest

Plaintiffs argue that Magistrate Judge Dominguez Braswell wrongly characterized the DOL and Plaintiffs' common interest in restoring the ESOP's losses as being solely financial, rather than legal, in nature. ECF No. 234 at 8. They argue that this characterization ignores other legal interests that the DOL and Plaintiffs share and misunderstands the equitable relief available to the DOL and Plaintiffs in restoring the ESOP's losses. *Id.*

For the common interest privilege to apply, the parties' shared interests must be legal in nature; a financial interest is insufficient for the privilege to attach. *Martinez v.*

*Nationwide Affinity Ins. Co. of Am.*, No. 121CV02495CNSSKC, 2023 WL 4706752, at *5 (D. Colo. July 24, 2023) ("It is critical that the parties' respective shared interests be 'legal' interests; neither common financial interests nor a common adversary will alone suffice." (collecting caselaw)). Here, Plaintiffs expressly seek to restore all losses resulting from the alleged fiduciary breaches. ECF No. 91 at 45–46. And although they may seek other relief, *see, e.g.*, *id.* (seeking order to "appoint a new independent fiduciary to manage the Envision ESOP and order the costs of such independent fiduciary be paid for by Defendants"), this objection challenges just one of four of Magistrate Judge Dominguez Braswell's observations of the DOL Demand Letter.[4] *See* ECF No. 232 at 12 (identifying four reasons why Plaintiffs' articulated significance of the DOL Demand Letter is overstated).

Plaintiffs' instant objection does little to cast doubt on Magistrate Judge Dominguez Braswell's reasoned and thorough analysis determining that the DOL and Plaintiffs do not share a common legal interest. *See id.* at 11–13. Plaintiffs' narrow objection fails to show that that her conclusion is "contrary to law." The Court overrules Plaintiffs' second objection.

---

[4] The DOL Demand Letter has been a point of contention in this action. The DOL issued the letter to Defendant Argent on May 20, 2022. *See* ECF No. 211-2. The letter accuses Defendant Argent of breaching its fiduciary duties with respect to six different ESOPs—one being The Plan (the other five are not relevant to this action). *Id.* Plaintiffs sought a copy of the DOL Demand Letter from Defendant Argent, but the parties fought over the appropriate redactions. ECF No. 232 at 4. When Magistrate Judge Dominguez Braswell intervened, she learned that Plaintiffs separately obtained the *unredacted* Demand Letter directly from the DOL. *Id.* That was when the Court learned (Defendants learned the same just a month prior) that the DOL was providing information to Plaintiffs. *Id.* This is when the parties raised their dispute over the DOL Interview Reports, prompting Defendant Argent to move to compel their production. *Id.*; ECF No. 164.

### D. Plaintiffs' Caselaw

Plaintiffs next argue that Magistrate Judge Dominguez Braswell erred in distinguishing Plaintiffs' caselaw in support of a common interest on the basis that in those cases, the DOL "already filed litigation." ECF No. 234 at 9 (quoting ECF No. 232 at 14). The Court is not persuaded.

In distinguishing Plaintiffs' caselaw, Magistrate Judge Dominguez Braswell correctly explained that litigation, or impending litigation, is not required to establish a common legal interest. ECF No. 232 at 14. It cannot be ignored, however, that each of the cases cited by Plaintiffs—*Perez v. Mueller*, *Perez v. Brain*, and *Perez v. Clearwater Paper Corp.*—involve cases brought by then-DOL Secretary Perez. Magistrate Judge Dominguez Braswell relied on this critical, but not determinative, fact to find that the DOL "had already reached conclusions about its claims and legal strategy" in those cases, which is not the case in the present action. *Id.* Plaintiffs have failed to show that her reasoned analysis, distinguishing the facts in *Mueller*, *Brain*, and *Clearwater Paper Corp.* from their own situation, is clearly erroneous or contrary to law. Accordingly, Plaintiffs' third objection is overruled.

### E. Magistrate Judge Dominguez Braswell's Reliance on *McMorgan* and *Georgia*[5]

In their final objection, Plaintiffs argue that *McMorgan* and *Georgia* are distinguishable, and that Magistrate Judge Dominguez Braswell's reliance on those

---

[5] *See McMorgan & Co. v. First California Mortg. Co.*, 931 F. Supp. 703 (N.D. Cal. 1996), and *Georgia v. United States Dep't of Just.*, 657 F. Supp. 3d 1 (D.D.C. 2023), *appeal docketed*, No. 23-5083 (D.C. Cir. April 24, 2023).

opinions constitutes error. ECF No. 234 at 8–10. Once again, the Court disagrees.

It is true that *McMorgan* and *Georgia* are somewhat distinguishable. But Magistrate Judge Dominguez Braswell acknowledged the factual differences. *See* ECF No. 232 at 15–16. She did not confuse the facts of those cases. In any event, there is no indication that her reliance on those cases swayed her ultimate determination on whether the DOL and Plaintiffs share a common legal interest. Rather, she cited these two cases to reject Plaintiffs' contention that "[c]ourts *routinely* uphold a common interest privilege between DOL and private plaintiffs." *Id.* at 15 (quoting ECF No. 221 at 3). The fact remains that Plaintiffs have not cited a single case with facts analogous to those presented here.

Plaintiffs have not shown that Magistrate Judge Dominguez Braswell's citation to *McMorgan* and *Georgia* was clearly erroneous or contrary to law. Like the other three objections, the Court overrules Plaintiffs' final objection.

### F. Plaintiffs' Stay Request

Without any argument or support, Plaintiffs "request that the Court maintain the stay of the Order to allow Plaintiffs to seek a writ of mandamus in the 10th Circuit" should it overrule Plaintiffs' objection. ECF No. 234 at 11. Defendants oppose this request, noting that a stay "would only serve to further delay resolution of this lawsuit (including the additional discovery that Judge Braswell previously provided that Defendants would have the opportunity to pursue, *see* D.E. 202; D.E. 205)." ECF No. 242 at 10 n.2.

To start, Plaintiffs are not permitted to seek a stay in an objection. The Local Rules and Uniform Practice Standards both make clear that requests for distinct actions must be made in separate motions. D.C.COLO.LCivR 7.1 (d) ("A motion shall be filed as a

11

separate document."); CNS Civ. Practice Standard 7.1A(a)(5) ("All requests for the Court to take distinct actions must be contained in separate, written motions. For instance, if a party seeks to move to dismiss and stay discovery pending the motion to dismiss, the party must file two separate motions."). Regardless, the Court considers the request for a stay to avoid further delay in this case.

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). The Tenth Circuit will "grant a writ only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *Id.* (internal quotation marks omitted). "Three conditions must be met before a writ of mandamus may issue": (1) the petitioner "must have no other adequate means to attain the relief [she] desires"; (2) "the petitioner must demonstrate that [her] right to the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 1187 (internal quotation marks omitted). The standards are the same for a writ of prohibition. *In re Martinez*, No. 12-2059, 2012 WL 13331974, at *1 (10th Cir. May 1, 2012) (citing *Univ. of Tex. v. Vratil*, 96 F.3d 1337, 1339 (10th Cir. 1996)).

Plaintiffs have not and cannot show that "extraordinary circumstances" warrant this "drastic remedy." For the reasons above, the Court is dubious at best that Plaintiff can demonstrate that their "right to the writ is clear and indisputable." This is particularly true here, where Plaintiffs' position on the importance of the DOL documents has shifted. As Magistrate Judge Dominguez Braswell notes in a previous order, "Plaintiffs have tried to

soften the relevance of the DOL investigation, arguing that Plaintiffs' reliance on the DOL's work product is limited." ECF No. 207 at 4. Although Magistrate Judge Dominguez Braswell ultimately rejected Plaintiffs' argument on the limited import of these files, *see id.*, Plaintiffs' inconsistent positions strongly favor denying Plaintiffs' stay request. Moreover, the Court is not satisfied that a writ is appropriate under the circumstances of this case, and a stay will lead to further delay.

## V. CONCLUSION

In sum, Plaintiffs cannot show that Magistrate Judge Dominguez Braswell's order was clearly erroneous or contrary to law. Plaintiffs' objection, ECF No. 234, is OVERRULED, and the Court AFFIRMS Magistrate Judge Dominguez Braswell's order, ECF No. 232. For the same reasons articulated in this order, the Court also OVERRULES Plaintiff's earlier objection, ECF No. 212, and AFFIRMS her earlier order, ECF No. 202.[6] Plaintiffs' request to stay this litigation pending the filing of a writ of mandamus is DENIED.

The Court now lifts the stay entered by Magistrate Judge Dominguez Braswell pending resolution of Plaintiffs' objections. *See* ECF No. 232 at 17. Consistent with Magistrate Judge Dominguez Braswell's orders, ECF Nos. 202, 232, Plaintiffs shall produce the DOL Interview Reports within five days of this order, and the parties shall file a Joint Status Report with Magistrate Judge Dominguez Braswell within five days of this order.

---

[6] Plaintiffs also challenged Magistrate Judge Dominguez Braswell's narrower order, ECF No. 202, requiring Plaintiffs to produce the DOL Interview Reports. As Magistrate Judge Dominguez Braswell aptly notes, in finding that there is no common legal interest between the DOL and Plaintiffs, this later ruling "offers another basis for [] disclosure [of the DOL Interview Reports] and it will impact any other documents the DOL shared with Plaintiffs." ECF No. 232 at 2 n2.

DATED this 13th day of January 2025.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge