IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-00304-CNS-MDB

ROBERT HARRISON and GRACE HEATH, on behalf of themselves, the ENVISION MANAGEMENT HOLDING, INC. ESOP, and all other similarly situated individuals,

Plaintiffs,

v.

ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS,
ENVISION MANAGEMENT HOLDING, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE,
ARGENT TRUST COMPANY,
DARREL CREPS, III,
PAUL SHERWOOD,
JEFF JONES,
NICOLE JONES,
AARON RAMSAY,
TANWEER KAHN, and
LORI SPAHN,

Defendants.

---

**ORDER**

---

Before the Court is Envision Defendants' fully briefed Motion for Partial Summary Judgment and Memorandum in Support. ECF No. 332. *See also* ECF No. 340; ECF No. 353. For the following reasons, the Court DENIES the motion. In doing so, the Court presumes familiarity with this case's factual and procedural background, the parties' summary judgment briefing, including their undisputed facts, and the governing legal

standards. *See, e.g.,* Fed. R. Civ. P. 56(a). The Court addresses the Envision Defendants' summary judgment arguments in turn below.

***First***, the Envision Defendants argue that "summary judgment is warranted in favor of Creps, Jeff Jones, Dr. Khan, Ramsay, and Sherwood" (collectively, the Board Defendants) on Count I. ECF No. 332 at 24 (citation modified). In making this argument, the Envision Defendants contend that (a) it is "undisputed that [Ramsay] was not appointed to the Board until January 31, 2018, over a month *after* the ESOP Transaction's close," *id.*, and (b) that Creps, Jeff Jones, Dr. Khan, and Sherwood, all Board members on the date of the ESOP Transaction did not exercise "*final, discretionary fiduciary authority*" over the transaction, *id.* at 25. In other words, that it is undisputed that "Argent made th[e] decision" to enter into the transaction—"not the Board." *Id.* The Court agrees with Plaintiffs, however, that genuine disputes of material fact defeat both arguments. Before explaining why, the Court sets forth the governing substantive law.

ERISA requires a plaintiff to establish a fiduciary relationship, *see, e.g., Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1088 (D. Nev. 2011), and there are "two types of ERISA fiduciaries: named fiduciaries and functional fiduciaries," *Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1184 (10th Cir. 2016) (citation modified). A named fiduciary is an individual or entity "designated as a fiduciary under the terms of an ERISA plan pursuant to 29 U.S.C. § 1102(a)." *Carr*, 770 F. Supp. 2d at 1088 (citation modified). *See also Bowers v. Russell*, No. 22–cv–10457–PBS, --- F. Supp. 3d ----, 2026 WL 1506413, at *11 (D. Mass. May 29, 2026). "A functional fiduciary is defined in 29 U.S.C. § 1002(21)(A)." *Foster v. Adams & Assocs., Inc.*, No. 18–cv–02723–JSC, 2020

WL 3639648, at *6 (N.D. Cal. July 6, 2020). *See also Lebahn*, 828 F.3d at 1184 ("[T]he functional-fiduciary provision prescribes three means of becoming a functional fiduciary." (citation modified)). Fundamentally, ERISA fiduciaries "may be held liable only 'to the extent' that they exercise discretionary control over the management or administration of a plan or its assets." *Carr*, 770 F. Supp. 2d at 1088 (quoting § 1002(21)(A)).

Regarding *Defendant Ramsay*, Plaintiffs argue that evidence demonstrates he "remained the [PSP] trustee up until the day the Transaction closed, and Argent was appointed only *after* it approved the Transaction purchase price and material terms." ECF No. 340 at 25. Thus, Plaintiffs contend, even though it is undisputed that Defendant Ramsay was appointed to the Board after the ESOP Transaction closed, *see, e.g.,* ECF No. 340 at 12, this does mean that his is entitled to summary judgment in his favor.

The Court agrees with Plaintiffs that there is a genuine dispute of material fact as to whether Defendant Ramsay was acting in the capacity of a functional fiduciary and "caused" the ESOP Transaction while serving as the PSP trustee, *see* ECF No. 340-37 at 3, by in Plaintiffs' words "engineering a structure in which" he, along with other Defendants, "maintained control over several key aspects of the [ESOP] Transaction," ECF No. 340 at 25. *See, e.g., Pension & Emp. Stock Ownership Plan Admin. Comm. of Cmty. Bancshares, Inc., o/b/o Cmty. Bancshares, Inc. v. Patterson*, 547 F. Supp. 2d 1230, 1240 (N.D. Ala. 2008) (noting at the summary judgment stage that defendant's "fiduciary status [was] not necessarily limited by the dates that he served on the ESOP Committee"); *Eaves v. Penn*, 587 F.2d 453, 458 (10th Cir. 1978) (rejecting argument that defendant was not a fiduciary by "*recommending, designing and implementing* amendment of [an]

original profit-sharing plan to an employee stock ownership plan" (emphases added)); *Keach v. U.S. Tr. Co.*, 256 F. Supp. 2d 828, 832 (C.D. Ill. 2003) (denying summary judgment where "the record indicate[d] that [defendant] *may* have *effectively* exercised control over the *structure and orchestration* of the ESOP transaction through the closing [date]" (emphases added)). And this theory of Defendant Ramsay's status as a functional fiduciary is not such a radical departure from the allegations in Plaintiffs' operative complaint and theory of the case, as the Envision Defendants argue, that demands disregarding it at summary judgment. *Cf.* ECF No. 353 at 17; *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (disapproving of plaintiff's "new theory [that] was presented just two weeks before" trial where plaintiff changed theory from a "failure to retain as a retaliatory discharge" for bringing Title VII action to one for "failure to hire").

Accordingly, the Court rejects the Envision Defendants' summary judgment arguments as to Defendant Ramsay given that, for the reasons set forth above, a reasonable factfinder could find that he was a functional fiduciary who "caused" the ESOP transaction. *See also* ECF No. 340 at 24 (arguing that Board Defendants, including Defendant Ramsay, were functional fiduciaries because they exercised discretionary authority by "orchestrating the ESOP Transaction's structure and execution"); *Eaves*, 587 F.2d at 458; *Keach*, 256 F. Supp. 2d at 832. It is not "impossible" for him to have served as a functional fiduciary simply because he later came to serve as a Board member. *See* ECF No. 353 at 17.

Regarding the remaining Board Defendants, the Court agrees with Plaintiffs that the ESOP Plan Document identifies the Board of Directors as "Named Fiduciar[ies]." ECF

No. 340-33 at 15. Although the Envision Defendants appear to dispute this fact, close reading of their reply brief belies the notion that their status as named fiduciaries while they served on the Board is disputed. *See* ECF No. 353 at 14 ("The Board Defendants were not trustees and were 'Named Fiduciaries' only while they were actually on the Board."). And having been named as fiduciaries in the ESOP Plan Document, the Court also agrees with Plaintiffs that a factual dispute exists as to whether the Board Defendants had a duty to monitor Argent's actions. *See, e.g., Ramos v. Banner Health,* 461 F. Supp. 3d 1067, 1141 (D. Colo. 2020), *aff'd*, 1 F.4th 769 (10th Cir. 2021) ("Fiduciaries who may appoint other fiduciaries cannot simply name those fiduciaries and then turn a blind eye to the performance of their appointees." (citation modified)).

As for the remaining Board Defendants' status as *functional fiduciaries*, the Court agrees with Plaintiffs that material factual disputes exist as to whether they exercised discretionary authority and control over the Plan. *See* ECF No. 340 at 24. For instance, Plaintiffs identify evidence from which a reasonable factfinder could find that the Board Defendants manipulated the trustee selection process to steer the trustee appointment toward Argent. *See* ECF No. 340 at 25. Plaintiffs have also identified evidence creating genuine factual disputes as to whether the Board Defendants "conditioned" the ESOP Transaction on the ability to "retain control," *id.* at 27, as well as evidence from which a reasonable factfinder could find that the Board Defendants "manipulated" Argent by "withholding and misrepresenting material information," *id.* at 28, such as failing to provide prior company evaluations. And any "competing inferences" to be drawn from the

summary judgment record "should be aired out at trial." *Snyder v. UnitedHealth Grp*., Inc., Civ. No. 21–1049 (JRT/DJF), 2024 WL 1076515, at *12 (D. Minn. Mar. 12, 2024).

Moreover, the Court agrees with Plaintiffs that Argent's role as *trustee* does not immunize the Board Defendants from *any* liability, given that they may retain their status as *functional fiduciaries* even if they did not serve as named trustees as to the ESOP Transaction. *Id.* at 28. Put a bit differently, the Envision Defendants may be right that evidence shows Argent evaluated and considered the ESOP Transaction, *see* ECF No. 332 at 27, but nonetheless sufficient factual disputes indicate that summary judgment as to the Board Defendants' *functional fiduciary* status and the issue of *causation* are improper—notwithstanding Argent's performance of its own trustee duties attendant to the ESOP Transaction. *See, e.g., Acosta v. Saakvitne*, 355 F. Supp. 3d 908, 922 (D. Haw. 2019).

Fundamentally, the Court agrees with Plaintiffs that there is sufficient evidence establishing the remaining Board Defendants' status as *functional fiduciaries* as to establish "ERISA causation," given that evidence creates a factual dispute as to whether the Board Defendants exerted control and influence over the ESOP Transaction. *See id.* at 26; *Gamache v. Hogue*, 696 F. Supp. 3d 1360, 1375 (M.D. Ga. 2023) (concluding summary judgment was "not appropriate" where there was a "genuine issue of material fact as to whether [d]efendants caused the ESOP to engage in transactions that they knew or should have known constituted improper" ESOP asset transfers); *Chesemore v. All. Holdings, Inc*., 886 F. Supp. 2d 1007, 1056 (W.D. Wis. 2012), *aff'd sub nom. Chesemore v. Fenkell*, 829 F.3d 803 (7th Cir. 2016); *Scalia v. Reliance Tr. Co*., Civ. No.

17–4540 (SRN/ECW), 2021 WL 795270, at *29 (D. Minn. Mar. 2, 2021) ("It is clear to the Court that DOL's 'orchestration' theory rests on disputed facts.").

In this way, this case is distinguishable—at this procedural stage—from *Foster*, a case marshalled by the Envision Defendants in support of its motion, where "there [was] *no evidence* that the Director Defendants exercised 'authority or control' over [the trustee's] decision to engage in the ESOP transaction." 2020 WL 3639648, at *7 (N.D. Cal. July 6, 2020) (emphasis added). As Plaintiffs observe, unlike *Foster*, evidence here has created a sufficient factual dispute as to the Board Defendants' "orchestration," ECF No. 340 at 30,

***Second***, the Envision Defendants argue that "summary judgment is warranted in favor of Creps, Jeff Jones, Dr. Khan, and Sherwood" on Count III. ECF No. 332 at 28 (citation modified). In advancing this argument, the Envision Defendants reiterate that Section 406(b) "must be read to apply only to those" who exercised discretionary, fiduciary authority "on behalf of the plan with respect to the [ESOP] transaction." *Id.* The Court has already explained above as to why there are sufficient factual disputes about how and why the Board Defendants were fiduciaries whose exercise of discretionary authority "caused" the ESOP Transaction, and therefore rejects the Envision Defendants' same arguments in the context of their challenge to Plaintiffs' third claim. *See also id.* at 30 (arguing Argent "had, and exercised, the discretionary authority to enter into the ESOP Transaction . . . on behalf of the Plan, not" these Board Defendants). *But see* ECF No. 340 at 33 (arguing that even if causation is required for Section 406(b) claim, "Plaintiffs

have shown that a triable issue exists as to whether the Board Defendants caused the ESOP Transaction").

Yet setting aside the issue of *causation* as discussed above in the context of Plaintiffs' first claim for relief under Section 406(a), the Court agrees with Plaintiffs that the foundational inquiry under Section 406(b) is whether there is sufficient evidence demonstrating the Board Defendants "received any consideration for [their] own personal account in connection with a plan transaction." ECF No. 340 at 31 (citing 29 U.S.C. § 1106(b)(3)). *See also Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 94 (3d Cir. 2012) ("Read most naturally, § 406(b)(3) is a flat prohibition on a fiduciary's receipt of consideration in connection with a transaction involving plan assets."); *Hurtado v. Rainbow Disposal Co.*, No. 8:17-CV-01605-JLS-DFM, 2018 WL 3372752, at *11 (C.D. Cal. July 9, 2018) ("Moreover, § 406(b) does not have a causal element; it requires only that the fiduciary received consideration from a transaction involving assets of the plan." (citation modified)). The Envision Defendants appear to agree. *See* ECF No. 332 at 28 ("Section 406(b) does not expressly state that it applies to the fiduciary who *causes* a plan to engage in a transaction . . . ." (emphasis added)).

Regardless, because the Envision Defendants' challenge to Plaintiffs' third claim is almost entirely *causal* in nature, the Court need not opine for long on this doctrinal point. It is sufficient to say that material factual disputes regarding *causation* are enough for the Court to reject the Envision Defendants' challenge to this claim as they have decided to articulate it in their summary judgment brief, which is to say on *causation* grounds, rather than *received consideration* grounds. *Cf.* ECF No. 332 at 30; *Koskinas v.*

*Colvin*, No. 1:16–cv–01801–CBS, 2017 WL 2908261, at *4 (D. Colo. July 7, 2017) ("This court will not make arguments on behalf of parties, which they have not made for themselves." (citation modified)).

***Third***, the Envision Defendants argue that the "Court should grant summary judgment on the 'knowing participation' claim against Nicole Jones in Count II." ECF No. 332 at 30. *See also id.* at 30 n.14. In support of this argument, the Envision Defendants argue that it is undisputed Ms. Jones "had no actual or constructive knowledge of any of the circumstances suggesting that the ESOP transaction was unlawful." *Id.* at 31. Plaintiffs disagree, arguing that Nicole Jones "had actual or constructive knowledge of the circumstances that rendered the ESOP transaction unlawful." ECF No. 340 at 33. *See also id.* at ("[G]enuine disputes of material fact regarding Ms. Jones's knowledge precludes summary judgment."). The Court agrees with Plaintiffs that sufficient factual disputes preclude summary judgment as to this claim.

To provide a brief overview of the governing substantive law: Non-fiduciaries may be liable under ERISA if they possess knowledge of "'the circumstances that rendered [a] transaction unlawful.'" *Teets v. Great-W. Life & Annuity Ins. Co.*, 286 F. Supp. 3d 1192, 1206 (D. Colo. 2017), *aff'd*, 919 F.3d 1232 (10th Cir. 2019), *withdrawn from bound volume, and aff'd*, 921 F.3d 1200 (10th Cir. 2019) (quoting *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000)). *See also Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20–cv–01126–SB–SHK, 2022 WL 4596576, at *4 (explaining requirements to establish non-fiduciary liability). A non-fiduciary's knowledge may be actual or constructive. *See Teets*, 286 F. Supp. 3d at 1206.

Regarding Ms. Jones's actual or constructive knowledge that the ESOP Transaction "met the elements of [Section] 406(a)," ECF No. 340 at 34, the Court agrees with Plaintiffs that there is sufficient evidence that creates a genuine factual dispute as to knowledge "of both § 406(a)(1)(A) and (D) claims." *Id. See also id.* (citing, *inter alia*, 29 U.S.C. § 1106(a)(1)(A)). For example, Plaintiffs identify evidence that creates a triable issue as to whether Ms. Jones had actual or constructive knowledge of the ESOP's purchase of Envision stock from the Sellers in exchange for cash, notes, and warrants. *See id.* at 34. *See also id.* ("Nicole Jones had actual or constructive knowledge [that] Argent served as the ESOP trustee, knew that it caused the ESOP's purchase of Envision stock from the Sellers, and signed the SPA on the ESOP's behalf [and that] the ESOP transferred cash and other consideration to the Sellers."). This is sufficient to show that summary judgment as to this claim is improper. *See Scalia*, 2021 WL 795270, at *37 ("Whether the Directors were 'knowing participants' in [the] prohibited transaction is a fact-intensive inquiry, precluding summary judgment.").

To the extent that the Envision Defendants essentially challenge this claim on the grounds of an *affirmative defense,* or take issue with how the Supreme Court has recently explained what plaintiffs must prove in the context of a non-fiduciary's knowledge of a prohibited transaction, *see* ECF No. 332 at 31, the Court agrees with Plaintiffs that *Cunningham* forecloses this challenge. *Cunningham v. Cornell Univ*., 604 U.S. 693, 709, 145 S. Ct. 1020, 1032, 221 L. Ed. 2d 591 (2025) ("I join all of the opinion of the Court for the simple reason that 29 U.S.C. § 1108 *sets out affirmative defenses*, and it is black letter law that a plaintiff *need not plead affirmative defenses*." (emphasis added)) (Alito,

J., concurring); *id.* at 701; *Johnston v. Intermountain Healthcare, Inc.*, No. 1:25–cv–00073–JNP–DAO, 2026 WL 1998490, at *11 (D. Utah July 10, 2026) ("After all, prohibited transaction claims can be brought under other provisions of § 1132(a) and against non-fiduciaries . . . . and the Supreme Court made no effort to restrict its holding in *Cunningham* to a certain element or context." (citation modified)). Regardless, the Court agrees with Plaintiffs that there are sufficient factual disputes as to Ms. Jones's constructive knowledge regarding any overpayment by the ESOP. *See* ECF No. 340 at 36; *id.* at 37.

* * *

"The very purpose of a summary judgment action is to determine whether trial is necessary." *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). The Court agrees with Plaintiffs that their "fact-intensive ERISA claims are not suitable for summary judgment," ECF No. 340 at 8, in light of all the disputed issues of material fact identified above, and therefore that a trial as to the claims that the Envision Defendants have challenged is necessary, *White*, 45 F.3d at 360. This is particularly true in this case, where this case is proceeding to a bench trial.

Consistent with the above analysis, the Envision Defendants' fully briefed Motion for Partial Summary Judgment and Memorandum in Support, ECF No. 332, is DENIED.

Dated this 20th day of August 2026

BY THE COURT:

Charlotte N. Sweeney
United States District Judge