**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

ROBERT HARRISON and GRACE HEATH, on behalf of themselves, the ENVISION MANAGEMENT HOLDING, INC. ESOP, and all other similarly situated individuals,

Plaintiffs,

v.

ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS, ARGENT TRUST COMPANY, DARREL CREPS, III, PAUL SHERWOOD, JEFF JONES, NICOLE JONES, AARON RAMSAY, TANWEER KHAN,

Defendants.

Civil Action No. 1:21-cv-00304-CNS-MDB

**PLAINTIFFS' MOTION TO RESTRICT ACCESS TO PLAINTIFFS' TRIAL BRIEF UNDER LEVEL 1 RESTRICTED ACCESS**

Pursuant to Local Civil Rule 7.2 and the Amended Protective Order (Dkt. 151) (the "Protective Order"), Plaintiffs Robert Harrison and Grace Heath ("Plaintiffs") request an order allowing Plaintiffs to file their forthcoming Trial Brief under Level 1 restricted access.

In support of this Motion, Plaintiffs state as follows:

The parties' Protective Order provides that a party may produce documents with "Confidential" or "Confidential – Attorneys' Eyes Only" designations to protect the confidentiality of documents and/or information. Section 10.3 of the Protective Order provides the following:

> Any Party seeking to file Documents with the Court containing or disclosing Confidential information shall file a motion to seal such Documents, in accordance with the electronic case filing rules and instructions for the District of Colorado, any Orders of this Court, including this Protective Order, and the Judge's Individual Practices in Civil Cases. However, for the avoidance of doubt, if the party that files a motion to seal certain Document(s) with CONFIDENTIAL Markings is **not** the Designating Party, then the Designating Party—and no one else—shall have the obligation to file an affidavit and/or memorandum which demonstrates why the information marked shall be sealed. In this case, the motion to seal shall state that affidavits and/or memorandum explaining why the information shall be sealed will be filed by the Designating Party either (i) at the time its response is due, if the Confidential Material was submitted in connection with a motion or other pleading to which the Designating Party is entitled to a response, or (ii) within seven (7) business days of the motion to seal if the Confidential Material was submitted in connection with a reply or other filing to which the Designated Party is not entitled to a response. Any document filed under seal shall be available for inspection only by the Court, the Court's staff, counsel of record to the parties, and necessary employees of such counsel until further order of Court, except as otherwise agreed by the Parties and any consenting third-party that designated the Documents as Confidential Information.

*Id*. In addition, with respect to deposition transcripts, Section 4.2 of the Protective Order provides:

> Within thirty (30) days after receiving a final deposition transcript, a Party may inform other Parties if the transcript or portions of it are designated as Confidential or Attorneys' Eyes Only Information. Until expiration of the 30-day period, all Parties shall treat the entire transcript, including exhibits, as Confidential Information subject to the protections of this Protective Order. If no Party timely designates the transcript or a portion of the transcript as Confidential or Attorneys' Eyes Only Information, then the transcript will not be treated as such. All persons and Parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential or Attorneys' Eyes Only Information.

*Id.*

The Envision Defendants,[1] Defendant Argent Trust Company ("Argent"), and three third parties (Morrison Cohen, Rayus Radiology (f/k/a CDI), and ComStock Advisors) produced several documents designated as "Confidential" in discovery and/or designated certain deposition transcript passages as "Confidential." Plaintiffs' Trial Brief extensively quotes, references, and discusses information and/or documents designated as "Confidential" by Defendants and third parties under the terms of the parties' Protective Order including numerous documents that have previously been approved for filing under restriction. Redaction of such "Confidential" information and/or documents would be impracticable.

On August 27, 2026, in anticipation of filing the Trial Brief, Plaintiffs' Counsel requested that Counsel for the Envision Defendants and Argent identify which exhibits on the exhibit list they intended to treat as confidential at trial. Not having heard anything, on September 25, 2026, Plaintiffs sought Defendants' consent to file the Trial Brief under restricted status. On September 29, 2026, Defendants confirmed they did not oppose.

Plaintiffs generally object to this document being filed under restricted access given the posture of the case and the public's interest in having access to the record. *See JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colo.*, 754 F.3d 824, 827 (10th Cir. 2014) (recognizing a "heavy burden" to overcome the presumption against sealing); *Tracy v. Suncor Energy (U.S.A) Inc.*, 2021 WL 5140300, at *1 (D. Colo. Nov. 4, 2021) (when deciding whether to restrict public access to a document, "the court 'weighs

[1] The Envision Defendants include Defendants Envision Management Holding, Inc. Board of Directors; Darrel Creps, III; Paul Sherwood; Jeff Jones; Nicole Jones; Aaron Ramsay; and Tanweer Khan.

the interests of the public, which are ***presumptively paramount***, against those advanced by the parties.'" (quoting *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (citation modified)) (emphasis added); A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2042 (3d ed. 2010) ("The strongest arguments for access apply to materials used as the basis for a judicial decision of the merits of the case[.]"). However, Plaintiffs reserve their position until they review Defendants' submission in support of this Motion. *See* Dkt. 151.

Accordingly, in compliance with the Protective Order, Plaintiffs request that the Trial Brief be treated under Level 1 restricted access status pending the Court's resolution of this Motion.

Dated: September 29, 2026

Respectfully submitted,

*/s/ Michelle C. Yau*

Michelle C. Yau
Daniel R. Sutter
Caroline E. Bressman
Elizabeth M. McDermott
**COHEN MILSTEIN SELLERS & TOLL LLP**
1100 New York Ave. NW
Suite 800
Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
dsutter@cohenmilstein.com
cbressman@cohenmilstein.com
emcdermott@cohenmilstein.com

Ryan A. Wheeler
88 Pine Street, 14th Floor

New York, NY 10005
Tel.: (212) 838-7797 Fax: (212) 838-7745
rwheeler@cohenmilstein.com

*Attorneys for Plaintiffs and the Rule 23 Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

LGolumbic@groom.com
PRinefierd@groom.com
WDelany@groom.com
dcohen@groom.com
asalek-raham@groom.com
kpanish@groom.com
tvanbeek@groom.com
rick.pearl@faegredrinker.com
allison.egan@faegredrinker.com
john.fogarty@faegredrinker.com
molly.nelson-regan@faegredrinker.com
kaitlinprice@mvalaw.com
marknebrig@mvalaw.com
timothy.jafek@usdoj.gov

*/s/ Michelle C. Yau*
Michelle C. Yau