IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-00304-CNS-MDB

ROBERT HARRISON and GRACE HEATH, on behalf of themselves, the ENVISION MANAGEMENT HOLDING, INC. ESOP, and all other similarly situated individuals,

Plaintiffs,

v.

ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS,
ENVISION MANAGEMENT HOLDING, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE,
ARGENT TRUST COMPANY,
DARREL CREPS, III,
PAUL SHERWOOD,
JEFF JONES,
NICOLE JONES,
AARON RAMSAY,
TANWEER KAHN, and
LORI SPAHN,

Defendants.

---

**ORDER**

---

Before the Court is the parties' Joint Statement of Trial Issues, ECF No. 371, in which they seek clarification as to the burden allocations for Plaintiffs' *prohibited transaction* claims. *Compare id.* at 1 ("Plaintiffs' Position: Overpayment Is Not an Element of Plaintiffs' Prohibited-Transaction Claims," *with id.* at 11 ("Plaintiffs Must Prove Causation of Loss and Entitlement to Equitable Relief for Claims Premised on a Prohibited Transaction."). The parties discussed this same issue at their October 1, 2026,

Trial Preparation Conference. For the reasons set forth below, the Court agrees with Plaintiffs that they do not bear an *overpayment* burden as an element of their *prohibited transaction* claims.

*First*, and as a preliminary matter, Defendants query whether the failure to show overpayment dooms Plaintiffs' claims as a *standing* matter. *See* ECF No. 371 at 12 ("Plaintiff must also demonstrate a loss fairly traceable to the alleged prohibited transaction in order to establish Article III standing."). Of course, standing is a jurisdictional prerequisite, and Plaintiffs bear the burden of establishing that they have standing. *See, e.g., DCCC v. Ziriax*, 487 F. Supp. 3d 1207, 1226 (N.D. Okla. 2020) ("Because standing is jurisdictional, it must be addressed first." (citation modified)). But Defendants' argument conflates whether Plaintiffs can—or must—prove *overpayment* as an element of their claims on the merits with whether Plaintiffs have alleged any adequate injury to bring their *prohibited transaction* claims in the first instance. *See* ECF No. 371 at 12. These are distinct inquiries, and the Court declines Defendants' invitation to import an issue that attends the *merits* of Plaintiffs' claims into the Court's analysis of Plaintiffs' standing. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." (citation modified)); *Am. Encore v. Fontes*, 152 F.4th 1097, 1110 (9th Cir. 2025) ("[S]tanding . . . is distinct from the merits of [a] claim." (citation modified)); *In re Google Referrer Header Priv. Litig.*, 465 F. Supp. 3d 999, 1006 (N.D. Cal. 2020) ("[W]hen considering whether a plaintiff has standing, a federal court may assume *arguendo* the merits of the plaintiff's legal claim."); *Day v. Bond*, 500 F.3d 1127, 1137 (10th Cir. 2007)

("For purposes of standing . . . the question cannot be whether the Constitution, properly interpreted, extends protection to the plaintiff's asserted right or interest, because that would be a determination of the merits of the plaintiffs' claim under the guise of an evaluation of their standing." (citation modified)). Especially where Plaintiffs have plausibly alleged an overpayment injury sufficient to confer standing. *See, e.g.,* ECF No. 91 at ¶ 10 (alleging "[that] ***the ESOP overpaid at least $23.4 million*** for the Envision stock the ESOP purchased from the Sellers." (original emphasis)); ECF No. 1 at ¶ 95 (alleging virtually identical fact); *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152–53 (10th Cir. 2013) (explaining courts "examine the amended complaint in assessing . . . the allegations in support of standing" as well as that "standing is determined at the time the action is brought" (citation modified)); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008).

Thus, Plaintiffs have adequately met their standing burden, and dismissal of their claims on the eve of trial is improper. Simply stated, Plaintiffs have "identif[ied] an injury" sufficient to establish standing for their *prohibited transaction* claims, *Cunningham v. Cornell Univ.*, 604 U.S. 693, 708 (2025), rendering dismissal on *standing* grounds improper, *cf. id.*

*Second*, as indicated above Plaintiffs do not bear the burden of establishing overpayment as a causal element in their *prohibited transaction* claims. The parties do not dispute that Plaintiffs bear the burden of establishing the three essential elements of their *prohibited transaction* claims. *See, e.g.,* ECF No. 391 at 2; *id.* at 12; *Cunningham*, 604 U.S. at 700 (explaining that "Section 1106(a)(1)(C) contains three elements" and

setting forth those elements). And consistent with *Cunningham*, Defendants do not dispute that should Plaintiff meet these elements, the "burden will shift to Argent" to show that "an exemption was met." ECF No. 391 at 12. *See also Cunningham*, 604 U.S. at 702.

However, Defendants are wrong to argue that, before asking whether Argent has met its § 1108 *exemption* burden, Plaintiffs "still bear the burden of proving causation of loss for their claims under ERISA § 502(a)(2) and entitlement to appropriate equitable relief for their claims under ERISA § 502(a)(3)." ECF No. 371 at 12. Numerous cases have rejected, explicitly or implicitly, this argument, and the Court finds their reasoning persuasive. *See, e.g., Berkelhammer v. ADP TotalSource Grp.*, Inc., No. 20cv5696 (EP) (JRA), 2026 WL 867136, at *24 n.57 (D.N.J. Mar. 30, 2026) (rejecting argument that "loss [is] an element of [a] § 1106 claim that [p]laintiffs must prove" and collecting cases); *Bugielski v. AT&T Servs., Inc.*, 76 F.4th 894, 901 (9th Cir. 2023) ("[Section] 406 creates a broad per se prohibition of [improper] transactions [and] [s]ince the prohibition against transactions between plans and parties in interest is per se in nature, a violation does not depend on whether any harm results from the transaction" (citation modified)); *Fleming v. Kellogg Co.*, No. 1:22–cv–593, 2025 WL 4053174, at *7 (W.D. Mich. Dec. 8, 2025) ("[T]ransactions that are expressly prohibited by 29 U.S.C. § 1106 [ ] are considered per se violations because they entail a high potential for abuse." (citing *Harris Trust and Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 241–42 (2000)); *Raff v. Belstock*, 933 F. Supp. 909, 916 (N.D. Cal. 1996) ("There is a per se ban on the transactions . . . emphasized by the fact that whether one of the provisions has been violated does not depend on whether any harm results from the transaction." (citation modified)); *Etter v. J.*

*Pease Const. Co.*, 963 F.2d 1005, 1010 (7th Cir. 1992) ("This is not to say a plan must suffer some sort of injury for a court to find a transaction prohibited or otherwise impermissible."). Fundamentally, "requiring such a causal link would be contrary to Congress's creation of per se violations under § 406." *Chao v. Hall Holding Co.*, 285 F.3d 415, 439 (6th Cir. 2002).

That the Tenth Circuit has previously imposed a *causation* burden as to *breach of fiduciary duty* claims fails to persuade that the Court should—or must—impose such a burden as to Plaintiff's *prohibited transaction* claims. *Compare Pioneer Centres Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1334 (10th Cir. 2017) ("The burden of proving causation falls on the plaintiff in an ERISA breach of fiduciary duty claim." (citation modified)); and ECF No. 391 at 10 (citing *Pioneer Centres* in arguing that Plaintiff should bear burden of loss causation), *with Berkelhammer*, 2026 WL 867136, at *24 n.57 (distinguishing *Pioneer Centres* because it concerned "breach of fiduciary duty claims brought under § 1104—not to prohibited transaction claims brought under § 1106"). But even if some "tension" existed between *Cunningham* and *Pioneer Centres*—which there is not, given that *Pioneer Centres* was not concerned with *prohibited transactions*—"*Cunningham* ultimately controls." *Koroly v. Federated Hermes, Inc.*, No. 2:23–01563, 2026 WL 2855657, at *11 (W.D. Pa. Sept. 23, 2026). *See also Lockheed Corp. v. Spink*, 517 U.S. 882, 888 (1996) ("Congress enacted § 406 to bar categorically a transaction that [is] likely to injure the pension plan." (citation modified)). And where the Tenth Circuit has considered *prohibited transactions* claims, it has resisted precisely the causation requirement that *Pioneer Centres* imposes on *breach of fiduciary*

claims. *See Eaves v. Penn*, 587 F.2d 453, 459 (10th Cir. 1978) (describing "the provisions of ss 406 and 407 of ERISA" as imposing "certain Per se violations"). Notably, *Cunningham* itself provides support for Plaintiffs' argument. *See* 604 U.S. at 700 ("Section 1106(a)(1)(C)'s bar is *categorical*: Any transaction that satisfies its *three elements* is presumptively unlawful." (emphasis added)).

One final note on *Cunningham*. Defendants argue *Cunningham* provides the limited answer to "[what] a plaintiff must *plead*, in order to survive a motion to dismiss," ECF No. 391 at 12, rather than broader instruction as to what Plaintiffs must *prove* at trial. First, the Court discerns no such limitation . *See, e.g., Johnston v. Intermountain Healthcare, Inc*., No. 1:25–cv–00073–JNP–DAO, 2026 WL 1998490, at *10 (D. Utah July 10, 2026) (declining to read *Cunningham* so narrowly as to preclude analysis of a *prohibited transaction* claim "even if brought pursuant to § 1132(a)(2)"). Regardless, at least one court has applied *Cunningham* in its analysis of evidence following a twelve-day bench trial. *See Bowers v. Russell*, 836 F. Supp. 3d 319, 345 (D. Mass. 2026). Defendants offer no reason for the Court to abandon *Cunningham* simply because this case is, as in *Bowers*, proceeding to a bench trial. *See id.*

* * *

In this order, the Court clarifies and establishes, consistent with the above analysis, the parties' respective burdens at trial. Nothing in this order disturbs the Court's statements and determinations as to trial procedure made during the parties' October 1, 2026, Trial Preparation Conference.

Dated this 2nd day of October 2026.

BY THE COURT:

________________________________

Charlotte N. Sweeney
United States District Judge