**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-304-CNS-MDB

ROBERT HARRISON and GRACE HEATH, on behalf of themselves, the ENVISION MANAGEMENT HOLDING, INC. ESOP, and all other similarly situated individuals,

Plaintiffs,

v.

ENVISION MANAGEMENT HOLDING, INC. BOARD OF DIRECTORS, ENVISION MANAGEMENT HOLDING, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, ARGENT TRUST COMPANY, DARREL CREPS, III, PAUL SHERWOOD, JEFF JONES, NICOLE JONES, AARON RAMSAY, TANWEER KHAN, and LORI SPAHN,

Defendants.

**PLAINTIFFS' REPLY CONCERNING LEVEL 1 RESTRICTED ACCESS TO CERTAIN TRIAL-RELATED PLEADINGS**

Pursuant to Local Rule 7.2 and the Amended Protective Order (Dkt. 151) (the "Protective Order"), Plaintiffs Robert Harrison and Grace Heath ("Plaintiffs") respectfully submit the following reply to Defendants Response Regarding Plaintiffs' Motions to Restrict Access to Certain Documents Under Level 1 Restricted Access (Dkt. 393). For the reasons presented below, Plaintiffs oppose continued restriction of Plaintiffs' Proposed Findings of Fact and Conclusions of Law ("PFFCL") (Dkt. 379) and Trial Brief (Dkt. 381) under Level 1 Restricted Access in their entirety. In support of this Motion, Plaintiffs state as follows:

On September 29, 2026, Plaintiffs filed their PFFCL and Trial Brief (collectively, "Plaintiffs' Pretrial Filings"). On the same day, Plaintiffs filed Motions to Restrict both filings under Level 1 restricted access (Dkts. 378, 380). In both Motions, Plaintiffs made clear they filed the Motions to comply with the Protective Order, which generally requires the Parties to move for restriction if their filings "contain[] or disclose[]" information designated as Confidential under the Protective Order. *See* Dkt. 151 at 12. Notwithstanding that requirement, Plaintiffs "generally object[ed]" to the Pretrial Filings being filed under restricted access "given the posture of the case and the public's interest in having access to the record." *See* Dkt. 378 at 3; Dkt. 380 at 3. Plaintiffs reserved their position pending review of Defendants' submission in support of the motions to restrict. *See* Dkt. 378 at 4; Dkt. 380 at 4.

On October 7, 2026, Defendants filed a joint response in support of Plaintiffs' Motions to Restrict the Pretrial Filings (Dkt. 393) ("Defendants' Response"). Defendants assert that Plaintiffs' Pretrial Filings should be completely restricted because they contain

"references and quotations to confidential, proprietary, non-public and commercially sensitive information of Defendants and non-parties" and because Plaintiffs' PFFCL contains "highly personal sensitive information" about certain Defendants. Dkt. 393 at 2. For the foregoing reasons, Defendants have failed to meet their burden to support maintaining Plaintiffs' Pretrial Filings under restricted status in their *entirety*.

## I. Defendants Have Failed to Meet Their Burden to Substantiate Maintaining the Pretrial Filings Under Restricted Access.

"Courts have long recognized a common-law right of access to judicial records. . . ." *JetAway Aviation, LLC v. Bd. Of Cnty. Comm'rs of Cnty. Of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014). Although this right is "not absolute," *id.*, judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society," *Tracy v. Suncor Energy (U.S.A.) Inc.*, 2021 WL 5140300, at *1 (D. Colo. Nov. 4, 2021). Consequently, in exercising their discretion to seal court filings from the public, courts must weigh the parties request to seal against the public's "presumptively paramount" interest in accessing the records. *Id.*

To overcome the presumption against restricting records, Defendants[1] bear a "heavy burden" to "articulate a real and substantial interest that justifies depriving the

[1] Although Plaintiffs filed the instant Motions to Restrict, because Defendants designated the challenged material as Confidential and seek to maintain Plaintiffs' filings under restricted status, it is Defendants' burden to establish restriction is appropriate. *See* Protective Order, Dkt. 151, at § 10.3 ("[I]f the party that files a motion to seal certain Document(s) with CONFIDENTIAL Markings is **not** the Designating Party, then the Designating Party—**and no one else**—shall have the obligation to file an affidavit and/or memorandum which demonstrates why the information shall be sealed." (emphasis added)); *see also Coomer v. Lindell*, 2023 WL 3774022, at *3 (D. Colo Jun. 2, 2023)

public of access to the records." *JetAway*, 754 F.3d at 826-27. Once such an interest is identified, Local Rule 7.2(c) requires a party seeking restriction to "explain why no alternative to restriction is practicable or why only restriction"—as opposed to limited redactions—"will adequately protect the interest in question." Local Rule7.2(c)(4); *see Whitaker v. Silver Key Bd. of Dirs.*, 2020 WL 2041349 (D. Colo. Apr. 28, 2020) ("[A] denial of public access to the record must be narrowly tailored to serve the interest being protected by sealing or restricting access to the records." (quoting *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1 (1986)).

Defendants have failed to meet their burden to maintain Plaintiffs' Pretrial Filings entirely under seal. Their request to maintain these filings under restricted status should be denied.

**a. Defendants Have Not Established Any Specific Basis to Restrict Plaintiffs' Trial Brief.**

Without identifying any specific passages of the Trial Brief that warrant restriction, Defendants generally assert that references to confidential business information render the entire Trial Brief suitable for restriction. Dkt. 393 at 2. As a threshold matter, Defendants' Response fails to narrowly tailor its restriction request as required by Local Rule 7.2(c). Defendants' only attempted justification is that "confidential and sensitive information is contained throughout Plaintiffs' Pretrial Filings," such that attempting to

---

("[R]egardless of which party filed a restricted document, the party seeking to restrict the information from public access bears the responsibility of filing a motion to restrict and **the burden to establish that such information and/or document merits restriction from the public record.**" (emphasis added)).

selectively redact such information would be impracticable. *Id.* at 3. That conclusory statement is not sufficient to carry their "heavy burden" to override the public's "paramount" interest in accessing these records. *See JetAway*, 754 F.3d at 826-27.

The public's interest is heightened here given that the Trial Brief is substantive briefing about the central issues at stake in a trial that is less than two weeks away. *See, e.g.*, 8A Wright & Miller's Federal Practice and Procedure § 2042 (3d ed. 2010) ("The strongest arguments for access apply to materials used as the basis for a judicial decision of the merits of the case. . . ."); *see also Duke Univ. v. Sandoz, Inc.*, 2021 WL 8153738, at *4 (D. Colo. Sept. 7, 2021) (declining to restrict the parties briefs where they "do not disclose any more confidential information of the parties than is necessary to permit the public to understand the nature of this dispute.").

Moreover, Defendants' position creates unequal public access to the Parties' narratives, which prejudices Plaintiffs. Defendants' own trial briefs, filed without restriction, discuss the very information Defendants seek to maintain under restricted access in Plaintiffs' Brief. For example, in their trial briefs, Defendants refer to specific information regarding ComStock's valuations, Envision's discussions with CDI, and Defendants' decisions leading up to and following the ESOP Transaction. *See, e.g.,* Dkt. 387 at 3 n.1 (disclosing ComStock's determinations of Envision's enterprise value and the specific numerical ranges); *id.* at 10 (disclosing that CDI made an offer to Envision in 2016); *id.* at 11 (discussing valuations of Envision's subsidiaries); *id.* at 12 (disclosing the specifics of ComStock's valuation methodologies and discounts); Dkt. 384 at 14

(disclosing Comstock's estimate of Envision's enterprise value); *id.* at 11 (discussing the four valuations of Envision's subsidiaries).

Plaintiffs' Trial Brief discusses the very same information that Defendants disclosed publicly; yet Defendants seek to keep Plaintiffs' narrative around those facts hidden from the public's view. *See, e.g.*, Dkt. 381 at 2 (describing the terms of the sale Argent approved and ComStock's valuation discounts); *id.* at 3-4 (discussing CDI's offer); *id.* at 6 (mentioning the four subsidiary valuations Argent failed to obtain). Defendants' willingness to publicly discuss these issues in their trial briefs contravenes any assertion of "real and substantial" privacy interests that can only be protected through a complete restriction of Plaintiffs' Trial Brief. *JetAway*, 754 F.3d at 826; *cf. Sheil v. Kijakazi*, 2022 WL 19572358 (D. Colo. Jun. 15, 2022) ("Matters already made public will not be sealed after the fact absent extraordinary circumstances." (citation omitted)).

Defendants have not met their burden to maintain Plaintiffs' Trial Brief under restricted access in its entirety. Accordingly, it should be unrestricted in full.

**b. Any Restriction of Plaintiffs' Proposed Findings of Fact and Conclusions of Law Must be Narrowly Tailored.**

Defendants' Response regarding Plaintiffs' PFFCL also fails to narrowly tailor their restriction request. Even if Defendants could articulate protected interests in some of the materials cited in the PFFCL, the entire document—which spans 183 pages and contains significant discussions of issues already made public through prior pleadings, Defendants' trial briefs, and public news coverage—is not suitable for wholesale restriction.

Defendants' assertion that identifying targeted redactions is "impracticable" is contrary to their obligations under Local Rule 7(c) and inconsistent with prior cases where parties have engaged in such a process. *See, e.g.*, *Air Transp. Ass'n of Am., Inc. v. Rosett*, 2026 WL 2855651, at *2 (D. Colo. Sept. 22, 2026) (evaluating requests for restrictions across 26 exhibits); *Sports Rehab Consulting LLC v. Vail Clinic, Inc.*, 2025 WL 974047, at *2 (D. Colo. Mar. 31, 2025) (granting defendant's renewed motion to restrict after defendant "explain[ed] how each document" that it sought restriction for "implicates information which, if disclosed, could harm [defendant's] competitive position.").

Defendants, not Plaintiffs, bear the burden to articulate which sections of the PFFCL contain information that can only be protected through "complete restriction." *See, e.g.*, *Mike Boulter, Boulter LLC. V. Kerr-Mcgee Oil & Gas Onshore, LP*, 2025 WL 2391506, at *5-6 (D. Colo. Aug. 17, 2025) (repeatedly finding that defendant "failed to demonstrate that complete restriction, as opposed to redaction, is appropriate" with respect to exhibits containing information about sensitive financial and business information). Defendants have not met this burden.

Defendants also had ample opportunity to confer with Plaintiffs regarding which information they wanted to maintain as confidential for the purposes of these filings. Plaintiffs emailed Defendants on August 27, 2026, to inquire about which exhibits Defendants intended to maintain as confidential at trial for this very purpose. But Defendants never responded. Most of the arguments in support of restricted access in Defendants' Response are too generic for Plaintiffs to evaluate and respond to. *See* Dkt.

393 at 2 (referring to "nonpublic and sensitive financial information of Envision" and "non-public email communications discussing confidential Envision business information").

Regarding Defendants' more specific assertions, Plaintiffs agree to redact Defendants' bank account information. However, Plaintiffs oppose restricting public access to information Defendants have already included in their publicly filed trial briefs, such as discussions of ComStock's valuations, *see supra* at 4, and expert reports, *see* Dkt. 384 at 11, 15; Dkt. 387 at 3-4, 14-16. Plaintiffs also oppose redacting discussions about the amount of money the Envision Defendants received and how that money was spent. This information is critical for Plaintiffs' claims in this matter and Defendants have not substantiated how public disclosure of this information might harm them, nor have they met the high burden of establishing that any harm to them outweighs the public's "paramount" interest in access to this information.

## II. Conclusion

Plaintiffs respectfully request that the Court deny the Motions to Restrict, allow Plaintiffs to file their Trial Brief on the public docket, and permit Plaintiffs to file their PFFCL publicly with redactions to Defendants' bank account information.

Respectfully Submitted,
October 13, 2026

*/s/ Michelle C. Yau*

COHEN MILSTEN SELLERS & TOLL PLLC

Michelle C. Yau
Daniel R. Sutter
Caroline E. Bressman

Elizabeth M. McDermott
1100 New York Avenue N.W., Suite 500
Washington, D.C. 20001
Tel: (202) 408-4600
Fax: (202) 408-4699
myau@cohenmilstein.com
cbressman@cohenmilstein.com
emcdermott@cohenmilstein.com

Ryan Wheeler
199 Water Street, 21st Floor
New York, NY 10038
Tel: (212) 838-7797
Fax: (212) 838-7745
rwheeler@cohenmilstein.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby I hereby certify that on this 13th day of October, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

LGolumbic@groom.com
PRinefierd@groom.com
WDelany@groom.com
dcohen@groom.com
asalek-raham@groom.com
kpanish@groom.com
tvanbeek@groom.com
rick.pearl@faegredrinker.com
allison.egan@faegredrinker.com
john.fogarty@faegredrinker.com
molly.nelson-regan@faegredrinker.com
kaitlinprice@mvalaw.com
marknebrig@mvalaw.com
timothy.jafek@usdoj.gov

*/s/ Michelle C. Yau*
Michelle C. Yau